# In the United States Court of Federal Claims

**GENERAL ORDER NO. 2022-01**

**Procedure for Electronic Filing in Pro Se Cases**

### I. INTRODUCTION

On March 18, 2020, in response to the COVID-19 pandemic, the court issued a General Order suspending paper filing requirements in pro se cases. *See* General Order (Mar. 18, 2020). Thereafter, consistent with the March 18, 2020, General Order, and as the pandemic continued to impact Washington, DC, and the National Capital Region, the court issued General Order No. 2, continuing the suspension of paper filing requirements and refining the procedures for electronic filing in pro se cases. *See* General Order No. 2 (Nov. 13, 2020; amended Dec. 23, 2020; reissued Mar. 3, 2021).

Consistent with these General Orders and pursuant to 28 U.S.C. § 2071(e), it is hereby ORDERED, effective immediately and until further order of the court, that the United States Court of Federal Claims will continue to:

1. accept filings via e-mail from self-represented, or pro se, litigants who have not been granted access to file electronically in the court's Electronic Case Filing System ("ECF System");
2. allow judges, special masters, the Clerk of Court, and opposing counsel of record to file electronically in non-ECF cases via the court's ECF System; and
3. strongly encourage pro se litigants without ECF privileges to consent to service of all electronic filings via e-mail by submitting a signed E-Notification Consent Form (attached).

Pro se filings submitted by e-mail must be sent to [ProSe_case_filings@cfc.uscourts.gov](mailto:ProSe_case_filings@cfc.uscourts.gov) and must be submitted in accordance with the procedures identified below.

1

Pro se parties who have not been granted access to file electronically or are unable to send documents via e-mail may continue to submit documents in paper form by mail or other delivery to: Clerk, United States Court of Federal Claims, 717 Madison Place, NW, Washington, DC 20439.

## II. PROCEDURES FOR FILING IN PRO SE CASES

1. **Definitions.**
   **(a)** "ECF System" means the court's online system for electronic case filing.
   **(b)** "Non-ECF case" means a case designated by the Clerk of Court as a pro se case in which the pro se litigant has not been granted access to file documents electronically in the ECF System.
   **(c)** "ECF case" means a case designated by the Clerk of Court as an electronic case in which all filings in the case are made via the ECF System.
   **(d)** "Filing" means any document that is filed with the court in paper form or electronically via the ECF System or via e-mail by a pro se litigant.

2. **Newly Filed Non-ECF Cases**.
   **(a)** Notwithstanding the alternative filing procedures identified herein, all case-initiating documents (e.g., complaints, petitions, notices of appeal) should be:
   - **(i)** submitted in paper form in compliance with Rule 5.5 of the Rules of the United States Court of Federal Claims ("RCFC");
   - **(ii)** accompanied by the required filing fee or an application to proceed in forma pauperis; and
   - **(iii)** delivered by mail or other method to the court address listed above.[1]

---

[1] In vaccine cases, the petition must include a certificate of service indicating that one copy of the petition and accompanying documents has been served on the Secretary of Health and Human Services pursuant to Vaccine Rule 2(e)(1). To electronically serve a copy of a petition on HHS, visit https://www.hrsa.gov/vaccine-compensation/index.html.

**(b)** The 2-copies requirement of RCFC 5.5(d)(1)(A) and Vaccine Rule 2(b)(1) is hereby suspended.
- **(i)** Pro se litigants need only file an original case-initiating document.
- **(ii)** If, however, a case-initiating document, including exhibits and attachments, exceeds 50 pages, the pro se litigant must provide a courtesy copy of the document in paper form that meets the requirements of RCFC 5.5(c).

**(c)** All newly filed pro se cases will be designated non-ECF cases but may be converted to ECF cases under certain circumstances.
- **(i) General Jurisdiction Cases.** The court may grant a pro se litigant access to file documents electronically via the ECF System, and thereby convert a pending non-ECF case to an ECF case, at any time.
- **(ii) Vaccine Cases.** Because of the restricted nature of vaccine cases, pro se vaccine litigants cannot view filings via the ECF System. Thus, it would not be appropriate for the court to convert a pending vaccine non-ECF case to an ECF case. Accordingly, vaccine cases with pro se litigants will remain non-ECF cases.

**(d)** The Clerk of Court will notify counsel and pro se litigants that a case has been designated an ECF or non-ECF case by filing a "Notice of Designation."

**3. Filing Requirements in Pending Non-ECF Cases.**
- **(a) ECF Filings**. Judges, special masters, the Clerk of Court, and opposing counsel of record must file electronically via the ECF System in non-ECF cases. A pro se litigant may be served by mail or by electronic or other means to which the litigant has consented in writing.
- **(b) Pro Se Filings**.
  - **(i) Paper Form.** Pro se litigants may submit case filings in paper form in compliance with RCFC 5.5. The 2-copies requirement of

RCFC 5.5(d)(2) and Vaccine Rule 17(d) is hereby suspended.

- **(A)** Pro se litigants need only file an original document.
- **(B)** If, however, a document, including exhibits and attachments, exceeds 50 pages, the pro se litigant must, unless otherwise ordered by the court, provide a courtesy copy of the document in paper form that meets the requirements of RCFC 5.5(c).

**(ii) Electronic Form.** Pro se litigants may submit case filings via e-mail to ProSe_case_filings@cfc.uscourts.gov. Certain requirements apply to all documents submitted by e-mail:

- **(A)** Filed documents must be attached in Portable Document Format ("PDF") and must conform to the format requirements of RCFC 5.5. Only the contents of the attached PDF will be considered part of the submission and processed by the Clerk of Court. Any content in the body of the e-mail will not be reviewed by the Clerk of Court or considered for inclusion in the case record.
- **(B)** The e-mail subject line must include the case name and docket number for which the submission is intended.
- **(C)** Each e-mailed submission must be limited to a document that is clearly identified as a filing pursuant to a court rule or in response to a court order.
- **(D)** E-mailed submissions may include either a scanned written signature or an electronic signature ("s/[name of pro se litigant]").
- **(E)** Pro se litigants may not file documents via e-mail on behalf of any other person.

4

      **(F)** E-mail privileges may be revoked by the assigned judge or special master at any time.

4. **Filing Procedures in Non-ECF Cases.**
   (a) **Electronic Notification of Filings for Pro Se Litigants**. A pro se litigant may consent to receive instant notification of all filings via e-mail by filing an E-Notification Consent Form (attached) in each active case before the court.
   (b) **Service by E-mail on Pro Se Litigants**. By filing an E-Notification Consent Form, the pro se litigant waives service and notice of filings by first class mail, and consents to having his or her e-mail address entered into the ECF System to receive notices of electronic filings.
       (i) **General Jurisdiction Cases.** If an E-Notification Consent Form is filed, the ECF System's automatic transmission of a "Notice of Electronic Filing" pursuant to Appendix E, ¶ 12(a), RCFC, satisfies the service requirements of RCFC 5 and the proof of service requirements of RCFC 5.3. By filing an E-Notification Consent Form, the pro se litigant also consents to viewing all filings through a Public Access to Court Electronic Records ("PACER") account.[2]
       (ii) **Vaccine Cases.** Because of the restricted nature of vaccine cases, if an E-Notification Consent Form is filed, opposing counsel and the Clerk of Court must serve PDF copies of their respective filings on the pro se litigant via e-mail. The e-mail together with the ECF System's automatic transmission of the "Notice of Electronic Filing" pursuant to

---

[2] PACER is an electronic public access service that allows users to obtain case and docket information from federal courts. To register for an account, contact the PACER Service Center at www.pacer.gov or (800) 676-6856. There is no cost for registration, but fees for viewing documents may apply.

5

    Supplement to Appendix B, ¶ 12(a), RCFC, satisfies the service requirements of RCFC 5.

**(c) Service by First Class Mail on Pro Se Litigants.** If an E-Notification Consent Form is not filed, the Clerk of Court will serve the pro se litigant with court-issued filings by first class mail; opposing counsel must serve the litigant with its filings in a manner listed in RCFC 5(b).

**(d) Service by Pro Se Litigants.** Pro se litigants filing in paper form or via e-mail need not separately serve their filings on opposing counsel. Opposing counsel will be served when a filing is entered by the Clerk of Court in the ECF System.

**(e) Proof of Service.**
 **(i) Pro Se Filings.** Except as provided in Vaccine Rule 2(e)(1), pro se litigants need not file certificates of service pursuant to RCFC 5.3.
 **(ii) ECF Filings by Opposing Counsel.**
  **(A) General Jurisdiction.** If a pro se litigant has not filed an E-Notification Consent Form, opposing counsel must attach to each filing, or file within a reasonable time after service, a certificate of service pursuant to RCFC 5(d)(1)B. If an E-Notification Consent Form has been filed, a certificate of service is not required.
  **(B) Vaccine Cases.** Because of the restricted nature of vaccine cases, opposing counsel must attach to each filing, or file within a reasonable time after service, a certificate of service pursuant to RCFC 5(d)(1)(B) and Vaccine Rule 17(a)(2).

**(f) Effect of Filing**. A document submitted by a pro se litigant via e-mail or in paper form constitutes a filing under RCFC 5 once it is entered by the Clerk of Court in the ECF System.

**(g) Date of Filing**. A document submitted by a pro se litigant via e-mail or in paper form is deemed filed on the date and time received by the Clerk of Court or, if not in compliance with the court's rules, on the date and time filed by leave of the judge or special master.

### III. CONCLUSION

Case-by-case exceptions to these directives may be ordered at the discretion of the assigned judge or special master after consultation with the parties.

The Clerk of Court is directed to provide public notice of this General Order and to docket a copy of this General Order in each newly filed pro se case.

**IT IS SO ORDERED.**

s/Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge

September 12, 2022
Washington, DC

# In the United States Court of Federal Claims

|                           |   |                    |
|---------------------------|---|--------------------|
| _____, )           |   |                    |
|           Plaintiff,      ) |   |                    |
|                           ) | No. _____ |
| v.                        ) |   |                    |
| THE UNITED STATES,        ) |   |                    |
|           Defendant.      ) |   |                    |

**E-NOTIFICATION CONSENT FORM**

The undersigned pro se plaintiff in the above-identified case:

➢ Consents to receiving notice by e-mail of all electronic filings in the above-identified case, pursuant to Rule 5(b) of the Rules of the United States Court of Federal Claims, via the court's electronic filing system.

➢ Waives service and notice by first class mail of all electronic filings in the above-identified case, including orders and judgments.

➢ Must be registered with PACER to view electronic filings in the above-identified case.

➢ Is responsible for immediately notifying the court in writing of any change of e-mail address.

The Clerk of Court is authorized to add plaintiff's e-mail address identified below to the court's electronic filing system. Plaintiff will submit all case filings via e-mail to ProSe_case_filings@cfc.uscourts.gov, through the U.S. Mail, or by deposit in the court's night box located at the garage entrance on H Street NW, between 15th Street and Madison Place.

_____
(Signature of Plaintiff)

_____
(E-mail Address)

_____
(Date)

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| _____, <br> Petitioner, <br> v. <br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. _____ |

**E-NOTIFICATION CONSENT FORM**

The undersigned pro se petitioner in the above-identified case:

➢ Consents to receiving notice by e-mail of all electronic filings in the above-identified case via the court's electronic filing system.

➢ Consents to service by e-mail, pursuant to Rule 5(b) of the Rules of the United States Court of Federal Claims.

➢ Waives service and notice by first class mail of all electronic filings in the above-identified case, including orders and judgments.

➢ Is responsible for immediately notifying the court in writing of any change of e-mail address.

The Clerk of Court is authorized to add petitioner's e-mail address identified below to the court's electronic filing system. Petitioner will submit all case filings via e-mail to ProSe_case_filings@cfc.uscourts.gov, through the U.S. Mail, or by deposit in the court's night box located at the garage entrance on H Street NW, between 15th Street and Madison Place.

_____
(Signature of Petitioner)

_____
(E-mail Address)

_____
(Date)

*Updated April 2020*