**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

LARRY GOLDEN,

        Plaintiff, *pro se*,

    v.

THE UNITED STATES,

        Defendant.

No. 23-811 C

Judge Matthew H. Solomson

**DEFENDANT THE UNITED STATES' NOTICE OF DIRECTLY RELATED CASES AND MOTION TO TRANSFER TO SENIOR JUDGE ERIC G. BRUGGINK**

Pursuant to Rules 40.1(b) and 40.2(a)(1) of the Rules of the United States Court of Federal Claims (RCFC), Defendant the United States (the Government) submits this Notice of Directly Related Cases and Motion to Transfer to Senior Judge Eric G. Bruggink.

Counsel for the Government contacted Plaintiff Larry Golden to request his position on the Government's motion to transfer this case to Senior Judge Bruggink.  Mr. Golden responded that he "will strongly oppose this current case to be transferred to Judge Bruggink."

**I.      THE GOVERNMENT'S NOTICE OF DIRECTLY RELATED CASES**

RCFC 40.2(a)(1) states that, "[i]f a party is aware of the existence of any directly related case(s), the party must file a Notice of Directly Related Case(s)," with RCFC 40(a)(2) defining "directly related cases" as those that "involve the same parties and are based on the same or similar claims" or "involve the same contract, property, or patent."

Plaintiff's present Complaint alleges that the Government infringes claim 1 of his U.S. Patent No. 9,096,189 ("the '189 patent"), claim 23 of his U.S. Patent No. 9,589,439 ("the '439 patent"), and claim 5 of his U.S. Patent No. 10,163,287 ("the '287 patent").  *See* Dkt. 1 at 6, 13. Plaintiff has previously alleged that the Government infringed those same patent claims in a prior

suit: *Golden v. United States*, No. 13-307 (Fed. Cl.) (Bruggink, J.). *See, e.g.*, Ex. 1 (Nov. 3, 2020

Sixth Amended Complaint in Case No. 13-307) at 5 (alleging that the Government infringes claim

1 of the '189 patent, claim 23 of the '439 patent, and claim 5 of the '287 patent).[1]  Plaintiff's

Complaint also states that the products accused in the present suit (Google smartphones, *see* Dkt.

1 at 13) "have virtually identical elements" as the products he accused in his prior infringement

suit against the United States (Apple, Samsung, and LG smartphones), Dkt. 1 at 5 (¶ 17); *see also*

*id.* at 21–27.  Further, Plaintiff's Complaint alleges that the present suit "cure[s] the deficiencies

identified in *Golden v. US* Case No. 13-307C," Dkt. 1 at 5 (¶ 18), as that prior case was dismissed

with prejudice due to Plaintiff's repeated failure to prepare proper infringement contentions:

> Plaintiff has had eight years to come up with a plausible theory of
> infringement against the United States and the third parties whose products
> he alleges were made at the behest of the government. . . . As we warned
> earlier, failure to produce a sufficiently detailed claim chart would cause the
> court to assume that it cannot be done.  That has happened.  Enough time
> and resources have been expended by the court and the Department of
> Justice dealing with these allegations.

156 Fed. Cl. 623, 632 (2021), *aff'd*, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022).

In other words, Plaintiff's present suit attempts to re-litigate substantially the same patent

infringement allegations that were at issue in his previously dismissed Case No. 13-307.  Yet

Plaintiff incorrectly indicated in the Cover Sheet attached to his Complaint that this case was not

---

[1] Plaintiff has previously filed two other cases against the Government, both of which were before Senior Judge Bruggink, and related to the *inter partes* review of a different, related patent (U.S. Patent No. RE43,990) that was asserted in Case No. 13-307.  *Golden v. United States*, No. 19-104 (Bruggink, J.); *Golden v. United States*, No. 23-185 (Fed. Cl.) (Bruggink, J.).

Case No. 23-185 was recently dismissed by the Court, which noted that the suit was "plainly barred by *res judicata*, but we do not reach that issue because the complaint is too late." *See Golden v. United States*, No. 23-185 slip op. at 2 (Fed. Cl. May 31, 2023).  Plaintiff's motion for reconsideration is currently pending.  *See* Mot. Recons., *Golden v. United States*, No. 23-185 (Fed. Cl. June 2, 2023).

"directly related to any pending or previously filed case(s) in the United States Court of Federal Claims." *See* Dkt. 1-1.

Plaintiff has also filed two cases in other jurisdictions raising patent infringement allegations identical to those raised in his present Complaint. In *Golden v. Google LLC*, No. 4:22-cv-05246-HSG (N.D. Cal.), Plaintiff raised identical infringement allegations as those raised in the present complaint. *Compare* Dkt. 1 at 13–19 *with* Ex. 2 (*Golden v. Google LLC*, Sept. 14, 2022 Complaint) at 23–29. Indeed, Plaintiff admits that he has "included in this complaint a claim chart that is practically identical to the Google complaint and claim chart." Dkt. 1 at 5 (¶ 15). Plaintiff also raised identical infringement allegations in a separate case filed in the District of South Carolina, *Golden v. Google LLC*, No. 6:21-cv-00244-JD, which was dismissed by that court for being duplicative of Plaintiff's case against Google LLC in the Northern District of California, 2023 WL 3007187 (D.S.C., Apr. 19, 2023).

In addition to the three cases cited above, Plaintiff has filed numerous other lawsuits against various defendants alleging infringement of his '189, '439, and '287 patents. Plaintiff filed four of those lawsuits in the Northern District of California: (1) *Golden v. Qualcomm, Inc.*, No. 4:22-cv-03283-HSG; (2) *Golden v. Intel Corp.*, No. 5:22-cv-03828-NC; (3) *Golden v. Apple Inc.*, No. 3:22-cv-04152-VC; and (4) *Golden v. Samsung Elecs. Am., Inc.*, No. 3:23-cv-00048-WHO. Plaintiff also filed three lawsuits in the District of South Carolina: (1) *Golden v. Apple Inc.*, No. 6:19-2557-DCC-KFM; (2) *Golden v. Apple Inc.*, No. 6:20-cv-02270-JD; and (3) *Golden v. Apple Inc.*, No. 6:20-cv-04353-JD. While some of the more recently filed cases are still pending or on appeal, to date none of Plaintiff's nine lawsuits in the Northern District of California or the District of South Carolina has advanced past the pleadings stage before being dismissed.

## II.    THE GOVERNMENT'S MOTION TO TRANSFER TO SENIOR JUDGE BRUGGINK

RCFC 40.2(a)(4)(B) states that "[w]hen a Notice of Directly Related Case(s) is filed after a case has been assigned and is accompanied by a motion to transfer . . ., the judge in the earliest-filed case, after consultation with the judge(s) in the later-filed case(s), will grant or deny the motion to transfer . . . ." Here, the present case is directly related to previously filed Case No. 13-307, in which Plaintiff alleged that the Government infringed the same patent claims that are asserted in the present case. Accordingly, the Government respectfully requests that the present case be transferred to Senior Judge Eric G. Bruggink, who presided over that earlier-filed and fully litigated directly related case.

Such a transfer would conserve judicial resources and promote the efficient administration of justice. Senior Judge Bruggink is already thoroughly familiar with the patent claims and infringement theories being asserted by Plaintiff, having presided over Plaintiff's past litigation alleging that the United States infringed those same patent claims. *See Golden v. United States*, 156 Fed. Cl. at 626–31. Accordingly, transfer of the present case is appropriate. *See Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798, 801–02 (2004) (transferring a newly-filed case to the judge presiding over an earlier-filed, directly related case, where the plaintiff had "failed to follow the rule that requires submission of a notice of directly-related cases along with the complaint").

## III.    CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court transfer the present case to Senior Judge Eric G. Bruggink, who presided over directly related earlier-filed Case Number 13-307.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

GARY L. HAUSKEN
Director


/s/ Grant D. Johnson
GRANT D. JOHNSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
*Grant.D.Johnson@usdoj.gov*
(202) 305-2513

*Attorneys for the Defendant,*
June 14, 2023                              *The United States*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED

STATES' NOTICE OF DIRECTLY RELATED CASES AND MOTION TO TRANSFER TO

SENIOR JUDGE ERIC G. BRUGGINK" was sent on June 14, 2023, via e-mail and U.S. Mail,

to:

Larry Golden
740 Woodruff Road #1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*

/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice