# Exhibit 1

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LARRY GOLDEN,

    Plaintiff,

V.

UNITED STATES,

    Defendant.

1:13-cv-307-EGB

Senior Judge Eric G. Bruggink

July 6, 2020

## AMENDED COMPLANT FOR REDUCED PLEADINGS

Plaintiff is seeking to have the "Stay" lifted in CFC Case No. 13-307C. A final decision on Plaintiff's petition was issued on 06/25/2020. Plaintiff is also seeking leave from this Court to file an Amended Complaint. Nine of the ten remaining infringement allegations reference the Plaintiff's Reissue Patent No. [RE43,891]. Plaintiff is seeking to drop the nine allegations relating to the '891 patent, and continue forward with the one remaining infringement allegation that reference Plaintiff's 7,385,497 ('497) patent. Plaintiff's '891 patent has been asserted in two pending cases: CAFC: Case No. 20-1508 (Infringement); and, S.C. District Court—Greenville: Case No. 6:20-cv-2270 (Antitrust Law Violation).

## PARTIES

1. Plaintiff Larry Golden is a citizen of South Carolina and has a principal place of business at 740 Woodruff Road, #1102, Greenville, S.C. 29607.

2. The United States is the Defendant to this action based upon the actions and conduct of its agents, including at least the following agencies: Department of Homeland Security (DHS); Department of Homeland Security Science & Technology Directorate (DHS/S&T); Homeland Security Advanced Research Project Agency (HSARPA); and, National Aeronautics and Space Administration (NASA), and all other Government Agencies and personnel named in this pleadings.

## JURISDICTION

3. The jurisdiction of this Court is based on the provisions of 28 U.S.C. § 1498(a). Under 28 U.S.C. §**1498**, whenever the **government** uses or manufactures an invention covered by a patent of the United States, without a license from the owner, the owner may only bring an action against the United States in the United States Court of Federal Claims.

4. This is a claim pursuant to 28 U.S.C. § 1498(a) for recovery of Plaintiff's reasonable and entire compensation for the unlicensed use or manufacture, for or by the United States, of inventions described in and covered by United States Patent Numbers: 7,385,497; 8,106,752; 9,096,189; 9,589,439; and, 10,163,287. Pending applications 16/350,683 and 16/350,874 are asserted in this complaint for claim construction and entry upon issue.

5. 28 U.S.C. § 1498(a): "Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture".

## DESCRIPTION AND TECHNICAL RATIONAL OF A CMDC DEVICE

**Plaintiff and Defendants' Communicating, Monitoring, Detecting, and Controlling (CMDC) Devices-------(Exhibit 1: CD Video of the DHS CMDC device)**

6. The Plaintiff's communicating, monitoring, detecting, and controlling (CMDC) device is commercialized in the form of an improved cell phone, smartphone, smartwatch, laptop, or tablet. The specifications and capabilities of the CMDC devices that were developed for, manufactured and commercialized by third-party government contractors, Apple, Samsung, and LG, are significantly the same as the Plaintiff's CMDC device(s) as illustrated below:

- Communication: at least one of a satellite connection, Bluetooth connection, WiFi connection, internet connection, cellular connection, long and/or short-range radio frequency (RF) connection, or GPS connection was "taken" for the benefit of the Government and for Government "use".
- Monitoring: at least one of a viewing screen for monitoring in real time, viewing screen monitoring for CBRNE-H signal alerts, viewing screen monitoring for CBRNE-H color coded indicator lights, or viewing screen monitoring for tracking, alerts, and heart rate.
- Detecting: at least one of a chemical sensor, a biological sensor, an explosive sensor, a human sensor, a contraband sensor, or a radiological sensor; that is wired or wireless, capable of being disposed within, on, upon or adjacent the CMDC device.
- Controlling: at least a fixed, portable or mobile communication device interconnected to a fixed, portable or mobile product, capable of wired or wireless communication therebetween, for sending signals to at least lock or unlock doors, stall, stop, or slowdown vehicles, activate or deactivate security systems, activate or deactivate multi-sensor detection systems, or to activate or deactivate cell phone detection systems.
- Central Processing Unit (CPU): is the programmable device capable of general-purpose computation. It is the engine of logic, as with the brain, and the core piece of hardware in the Patent Owner's CMDC device (i.e. communication devices, monitoring device; monitoring equipment). The Patent Owner's CPU is capable of arithmetic operations such as add and divide and flow control operations such as conditionals. The Patent

Owner's central processing unit (CPU) is the electronic circuitry within the CMDC device that executes instructions that make up a computer program.

- Biometrics: that incorporates at least one of a fingerprint recognition, voice recognition, face recognition, hand geometry, retina scan, iris scan and or signature or a face recognition to at least gain access to the CMDC device or to prevent unauthorized use of the CMDC device.

- Lock, Unlock, Disabling Lock: the CMDC device being equipped to receive signals from or send signals to engage (lock), disengage (unlock), or disable (make unavailable) locks after a certain number of failed attempts to unlock.

- Near-Field Communication: Near Field Communication or NFC is a short-range communication channel. The purpose for this technology is to simplify first-time connections to other wireless technologies, like Wi-Fi and Bluetooth. Near Field Communication in a CMDC device can be used as part of a two-factor access control system for unlocking a door. Biometric Fingerprint recognition is used for authentication and NFC is used to transmit authentication information to a computer controlling the door. NFC is preferred over RFID because RFID has a frequency vulnerable for detonating bombs.

- Location and Tracking: The CMDC tracking is a process for identifying the location of the device, whether stationary or moving. Localization may be affected by a number of technologies, such as using multi literation of radio signals between (several) cell towers of the network and the device, or simply using GPS. Some GPS CMDC devices use wireless-assisted GPS to determine the user's location. In wireless-assisted systems, the device uses the orbiting GPS satellites in conjunction with information about the device's signal. Sometimes called enhanced GPS, wireless-assisted GPS can often get a fix on the user's location faster than a GPS-only receiver. Some wireless-assisted systems can work inside buildings, under dense foliage and in city areas where traditional receivers cannot receive signals. GPS-enabled CMDC devices with view screens can often display turn-by-turn directions as well as announce them through the device's speaker. A database of maps is used to provide the directions. The CMDC device locator provides GPS coordinates and can dial emergency CMDC device numbers. The

4

Government, parents and caregivers can track the device's location by device or online and can receive notification if it leaves a designated "safe area."

The communicating, monitoring, detecting, and controlling (CMDC) device is also referred to as a "communication device", "monitoring device", "monitoring equipment", "cell phone detection device", multi-sensor detection device", multi-sensor detection system", "cell phone", "smart phone", "desktop", "handheld", "personal digital assistant" (PDA), "laptop", "computer terminal", or "smartwatch", because all can be *grouped together by common features of design similarities.*

| Defendants CMDC Devices | Patent #: 10,163,287; Independent Claim 4, 5 & 6 | Patent #: 9,589,439; Independent Claim 22 & 23 | Patent #: 9,096,189; Independent Claim 1 | Patent #: 8,106,752; Independent Claim 10 | Patent #: 7,385,497; Independent Claim 1 |
|---|---|---|---|---|---|
| DHS; S&T "Cell-All" initiative. Develop CMDC device to detect deadly chemicals". Stephen Dennis; PM: Contracts to Qualcomm, LG, Apple, and Samsung. Sensors will integrate with 261 million CMDC devices (i.e. smartphones) | Claim 4: A communication device, comprising:<br><br>Claim 5: A monitoring device, comprising:<br><br>Claim 6: Monitoring equipment, comprising: | Claim 22: A communication device of at least one of a cell phone, a smart phone, a desktop, a handheld, a personal digital assistant (PDA), a laptop, or a computer terminal, comprising:<br><br>Claim 23: A cell phone comprising: | Claim 1: A communication device of at least one of a cell phone, a smart phone, a desktop, a handheld, a PDA, a laptop, or a computer terminal for monitoring products, interconnected to a product for communication therebetween, comprising: | Claim 10: A multi-sensor detection and lock disabling system for monitoring products and for detecting explosive, nuclear, contraband, chemical, biological, and radiological agents and compounds so that terrorist activity can be prevented, comprising: | Claim 1: A multi sensor detection and lock disabling system for monitoring products and for detecting chemical, biological, and radiological agents and compounds so that terrorist activity can be prevented, comprising: |

## THE DEFENDANT'S INCIDENTAL USE OF PLAINTIFF'S CLAIMED

## CMDC DEVICES

5

7. The Government cannot claim "incidental use" of Plaintiff's CMDC devices when the Government accepted information describing the CMDC device from the Plaintiff; the Government appropriated funding for a CMDC device to the DHS and other government agencies; the DHS and other government agencies issued solicitations (i.e. request for proposals) for the development of a CMDC device (**Exhibit 2**: DHS *Cell-All* solicitation; **Exhibit 3**: Plaintiff's proposal in response to the *Cell-All* solicitation); the Government awards and funds third-party government contractors for research and development, manufacture, and commercialization of Plaintiff's CMDC devices (**Exhibits 4 & 5**: DHS *Cell-All* third-party government contractors); and, the Government continues to appropriated funding, issue solicitations, award and fund third-party government contractors for research and development, manufacture, and commercialization of Plaintiff's CMDC devices through various government agencies (**Exhibit 6**).

8. Use "for" the government can be present even where the "primary" beneficiary is a private party. *See Advanced Software*, 583 F.3d at 1378 (finding government use, despite the fact that the primary benefits accrued to private banks, because the use also served national interests (i.e. Apple, Samsung, and LG's CMDC devices that monitors and detects for CBRN&Es).

## VIOLATION ALLEGED

### Claim for Relief

### (Violation of Section 28 U.S.C. § 1498(a): Government Infringement)

9. Plaintiffs incorporate and reallege, as through fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

6

10. Upon information and belief, the United States has infringed, and continues to infringe, at least claims 1 of the '497 Patent, claim 10 of the '752 Patent, claim 1 of the '189 Patent, claim 23 of the '439 Patent, and claim 5 of the '287 Patent, as a current manufacturer, consumer, and/or user of the "Cell-All": Synkera MikroKera Ultra: Synkera presented the MikroKera Ultra Module at the Department of Homeland Security S&T "Cell-All" demonstration in Los Angeles on September 28, 2011. Synkera offers a general-purpose digital module for evaluation and use of MikroKera Ultra chemical sensors. Synkera Technologies has been funded by DHS to develop sensors that are suitable for integration into cell phones and other ubiquitous electronic devices carried by first responders and the public at large. The DHS S&T "Cell-All" project goal is to develop sensors that can detect life-threatening gases to be incorporated into cell phones. One feature of the Synkera MikroKera Ultra is: available with or without case. The monitoring equipment for this "Cell-All" project is at least a Samsung Galaxy smartphone that has an Android operating system (O/S).

11. The Department of Homeland Security's (DHS) Science and Technology Directorate (S&T), Cell-All aims "to equip your cell phone (e.g. Apple iPhone) with a sensor capable of detecting deadly chemicals", says Stephen Dennis, Cell-All's program manager. S&T pursued cooperative agreements with four cell phone manufacturers: Qualcomm, LG, Apple, and Samsung. Jing Li, a physical scientist at NASA's Ames Research Center, developed new technology that would bring compact, low-cost, low-power, high-speed nanosensor-based chemical sensing chip which consists of 64 nanosensors and plugs into an Apple iTouch 30-pin dock connector. The new device is able to detect and identify chemicals in the air using a "sample jet" and sends detection data to another phone (e.g. Apple iPhone) or a computer via telephone communication network or Wi-Fi.

12. As a result of contracts with the U.S. Department of Homeland Security (DHS), Synkera Technologies Inc., and NASA's Ames Research Center; cooperative agreements with LG Electronics, Apple Inc., and Samsung Electronics; the Government has development, manufacture, and commercialized a "*Cell-All*" CMDC device for the Government. The United States has funded the development of a "*Cell-All*" CMDC device to be used by or for the Government; authorized the use of the CMDC device for both its personnel and the public, without license or legal right, Plaintiff's claimed inventions of a CMDC device described in, and covered by at least that of Plaintiff's '497, '752, '189, '439 and '287 Patents (**Exhibit 7**: Amended Claim Chart)

## ALL INDEPENDENT CLAIMS FOR THE PLAINTIFF'S '497, '752, '189, '439 & '287 PATENTS LISTED BELOW ARE AVAILABLE FOR CLAIM CONSTRUCTION

| Pat. # 7,385,497 | Pat. # 8,106,752 | Pat. # 9,096,189 | Pat. # 9,589,439 | Pat. # 10,163,287 | App. # 16/350,683 | Reissue App. # 16/350,874 |
|---|---|---|---|---|---|---|
| Claim 1 of the '497 Patent | Claim 10 of the '752 Patent | Claims 1, 2, 3, 4, 5, 6, 7, 8, & 9 of the '189 Patent | Claims 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, & 23 of the '439 Patent | Claims 1, 2, 3, 4, 5, & 6 of the '287 Patent | Claims 1 & 11 of the [683] Patent Application | Claims 13, 14, 15, 22, 23, 64, 74, 75, & 76 of the [874] Reissue Patent Application |

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment in its favor against the United States granting Plaintiff the following relief:

8

A. Entry of judgment that the inventions set forth in the '497, '752, '189, '439 and '287 patents have been used and manufactured by and for the United States without license or lawful right within the meaning of 28 U.S.C. § 1498(a);

B. Reasonable and entire compensation for the unlicensed use or manufacture by or for the United States, of patented devices covered by and described in the '497, '752, '189, '439 and '287 patents under 28 U.S.C. § 1498(a), in an amount to be determined at trial;

C. Plaintiff's reasonable fees for expert witnesses and attorneys, plus its costs in accordance with 28 U.S.C. § 1498(a);

D. Pre-judgment and post-judgment interest on Plaintiff's award; and

E. All such other relief that the Court deems just and proper.

Respectfully submitted,

s/ Larry Golden

Larry Golden
Plaintiff, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of July, 2020, a true and correct copy of the foregoing AMENDED COMPLANT FOR REDUCED PLEADINGS was served upon the following defendant by Priority "Express" Mail:

> David A. Foley, Jr.
> Trial Attorney
> Commercial Litigation Branch
> Civil Division
> Department of Justice
> Washington, DC 20530
> David.a.foley@usdoj.gov
> 202-307-0346

s/ *Larry Golden*
Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net