Case No: 1:23-cv-00811-EGB

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Larry Golden, Pro Se Plaintiff

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

(864) 992-7104

| | |
|---|---|
| LARRY GOLDEN,<br>    *Plaintiff*,<br>V.<br>THE UNITED STATES,<br>    *Defendant*. | **Government Patent Infringement Under 28 U.S.C. § 1498(a)**<br><br>June 19, 2023 |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Under Rule 56, motion for summary judgment, Plaintiff must show 1) that there is no genuine dispute as to any material fact, and 2) that Plaintiff is entitled to judgment as a matter of law. This motion is properly made because of the doctrine of vertical stare decisis and the doctrine of "*Res judicata*" or Preclusion.

**Vertical Stare Decisis**

The decisions of the United States Court of Appeals for the Federal Circuit (CAFC), in particular in regard to cases involving patents are unique in that they are binding precedent

*Decisions* on the United States Court of Federal Claims, and are only superseded by changes in specific law or from decisions rendered by the US Supreme Court.

"Appeals from the Court of Federal Claims are taken to the United States Court of Appeals for the Federal Circuit and a judgment there is conclusive unless reviewed by the Supreme Court on writ of certiorari." Retrieved from. "The UNITED STATES COURT OF FEDERAL CLAIMS—THE PEOPLE'S COURT https://www.uscfc.uscourts.gov/sites/default/files/USCFC%20Court%20History%20Brochure_1_0.pdf

Under the "Defendant the United States 'Notice of Directly Related Cases'" Case 1:23-cv-00811-EGB Document 6 Filed 06/14/23, the Defendant the United States acknowledges and admits that the products, which according to the Defendant, shared "virtually identical elements" and features of Google: include Apple; Samsung; LG; and, Qualcomm [see the attached **Consolidated Claim Chart Exhibits' C, D, E, F, & G**], alleged as infringing the independent claims from Plaintiff's U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" has already been litigated in the 'now' related previous Case No. 13-307C.

> "Plaintiff's present Complaint alleges that the Government infringes claim 1 of his U.S. Patent No. 9,096,189 ("the '189 patent"), claim 23 of his U.S. Patent No. 9,589,439 ("the '439 patent"), and claim 5 of his U.S. Patent No. 10,163,287 ("the '287 patent"). See Dkt. 1 at 6, 13. Plaintiff has previously alleged that the Government infringed those same patent claims in a prior suit: *Golden v. United States*, No. 13-307 (Fed. Cl.) (Bruggink, J.). See, e.g., Ex. 1 (Nov. 3, 2020 Sixth Amended Complaint in Case No. 13-307) at 5 (alleging that the Government infringes claim 1 of the '189 patent, claim 23 of the '439 patent, and claim 5 of the '287 patent).1 Plaintiff's Complaint also states that the products accused in the present suit (Google smartphones, see Dkt. 1 at 13) "have virtually identical elements" as the products he accused in his prior infringement suit against the United States (Apple, Samsung, and LG smartphones), Dkt. 1 at 5 (¶ 17); see also *id*. at 21–27…"

"In other words, Plaintiff's present suit attempts to re-litigate substantially the same patent infringement allegations that were at issue in his previously dismissed Case No. 13-307."

The Defendant the United States acknowledges and admits that the shared "virtually identical elements" and features of Apple; Samsung; LG; and, Qualcomm products, and claim 1 of his U.S. Patent No. 9,096,189 ("the '189 patent"), claim 23 of his U.S. Patent No. 9,589,439 ("the '439 patent"), and claim 5 of his U.S. Patent No. 10,163,287 ("the '287 patent") were at *issue* in the 'now' related Case No. 13-307C.

What the Defendant the United States failed to acknowledge and admit is that the shared "virtually identical elements" and features of the Google product, and the products of Apple, Samsung, LG, and, Qualcomm; and that claim 1 of his U.S. Patent No. 9,096,189 ("the '189 patent"), claim 23 of his U.S. Patent No. 9,589,439 ("the '439 patent"), and claim 5 of his U.S. Patent No. 10,163,287 ("the '287 patent"), has already been review and adjudicated at the United States Court of Appeals for the Federal Circuit. **Consolidated Claim Chart Exhibits' C, D, E, F, & G**.

The Federal Circuit on 09/08/2022, in *Larry Golden v. Google LLC*; Case No. 22-1267 — "VACATED AND REMANDED" the relevant Case No: 22-1267 Document 15; back to the District Court "to [] filed and request service of process". **Consolidated Claim Chart Exhibit A**

The Federal Circuit determined the complaint, "includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "in a relatively straightforward manner" … and [] the complaint or claim chart [] is not facially frivolous."

> Three-Judge Panel: "DISCUSSION. 'Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 … [T]his standard

3

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted) … this court has explained that a plaintiff … must plead "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189 … It [claim chart] attempts [] to map claim limitations to infringing product features, and it does so in a relatively straightforward manner …[W]e conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart.…"

The Defendant the United States also failed to acknowledge and admit that the decisions of the United States Court of Appeals for the Federal Circuit (CAFC), in particular in regard to cases involving patents are unique in that they are binding precedent Decisions on the United States Court of Federal Claims, and are only superseded by changes in specific law or from decisions rendered by the US Supreme Court. *United States Court of Federal Claims*

Vertical stare decisis is the practice of a lower court (CFC) adhering to the decisions of courts with supervisory jurisdiction (CAFC), or courts "with the power to reverse" the judgment. For example, vertical stare decisis—the idea that the decisions of a higher court (CAFC) take precedence over the decisions of a lower court (CFC)—is deeply entrenched in the American legal system. The Structural Theory contends that a lower court (CFC) must presumptively follow the precedent of other courts (CAFC) that are superior to it within the judicial hierarchy.

Vertical stare decisis binds lower courts (CFC) to follow strictly the decisions of higher courts (CAFC) within the same jurisdiction.

The Court of Federal Claims is barred from overturning decisions of the Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 because "the law of the circuit doctrine requires three-judge panels in the federal courts of appeals to give stare decisis effect to past decisions of the circuit, which can only be overruled by the circuit sitting *en banc* or by the U.S. Supreme Court."

As such, the values of uniformity, institutional legitimacy, accuracy, reliance, and judicial economy are served by the practices of vertical stare decisis, and those values are better served by following vertical precedent. Adherence to binding or persuasive judicial opinions, serves the same purpose as stare decisis: "[The] promot[ion of] the evenhanded, predictable, and consistent development of legal principles." *Payne v. Tennessee*, 501 U.S. 808, 827 (1991).

Stare decisis is the common law principle that requires the Court of Federal Claims in this case to follow the precedent set by the Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267.

**Issue Preclusion**

"*Res judicata*" is a phrase covering two forms of preclusion. *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 n.1 (6th Cir. 1987). Typically, it means claim preclusion: The final judgment in the *Inter Partes Review* (IPR) Trial of UNITED STATES DEPARTMENT OF HOMELAND SECURITY Petitioner, v. LARRY GOLDEN, Patent Owner; Case IPR2014-00714; U.S. Patent No. RE043,990 precludes the Dept. of Justice (DOJ) and the Dept. of Homeland Security (DHS), who are not persons authorized to petition the Patent Trials and Appeals Board (PTAB), from relitigating its invalidity claims that was or could have been raised in the IPR Trial.

Further, because Plaintiff submitted the three unqualified patent references of Astrin, Breed, and Mostov; the eighteen publications; and the one Expert Declaration to the U.S. Patent and Trademark Office (USPTO) during the prosecution examination of the U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" asserted in this case; based on issue preclusion, ***the Defendant the United States is barred from relitigating the same issues in another Inter Partes Review (IPR)***:

> On May 23, 2019, the U.S. Court of Appeals for the Federal Circuit decided *Papst Licensing GmbH v. Samsung Elec. America, Inc*. No. 2018-1777, 2019 U.S. App. LEXIS 15274 (Fed. Cir. May 23, 2019). In that case, the Federal Circuit confirmed, based on the issue preclusion principles laid out recently by the U.S. Supreme Court in *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293 (2015) that issue preclusion prevents a party from re-litigating a position in an *inter partes review* ("IPR") previously decided in another IPR. *Papst* 2019 U.S. App. LEXIS 15274, at *19

On appeal, the Federal Circuit held that the final judgment of the earlier IPRs collaterally estopped *Papst* from re-litigating in the current appeal the issue of whether the Aytac patent disclosed the relevant limitation. The Federal Circuit relied on *B&B Hardware* in its analysis.

In *B&B Hardware*, the U.S. Supreme Court held that a decision by an agency—in that case, the Trademark Trial and Appeal Board ("TTAB") (a sister part of the same federal agency of the PTAB, namely, the U.S. Patent and Trademark Office)—***would have preclusive effect to prevent re-litigation of the same issue in a district court proceeding***.

The doctrine of *res judicata* bars subsequent litigation at the PTAB and here in the CFC where four elements are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).

All four elements of the doctrine of *res judicata* have been met in both the PTAB and the CFC. Therefore, the Defendant the United States is barred or precluded from relitigating the U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" at the PTAB and in this Court of Federal Claims.

## STANDARD OF REVIEW

"A patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281; see a/so 35 U.S.C. § 100(d) ("The word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee."); *Paradise Creations, Inc. v. W Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003) ("[T]his court has determined that in order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent(s) at the inception of the lawsuit.")

The May 31, 2023 Complaint alleges that Plaintiff is the sole owner of the '189, '439, and '287 Patents. Therefore, Plaintiff has standing to seek an adjudication of the claims alleged in the May 31, 2023 Complaint. CASE #: 1:23-cv-00811-EGB

The United States Court of Federal Claims has jurisdiction to adjudicate claims alleging: "[that] an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same . . . [seeking] recovery of. . . reasonable and entire compensation for such use and manufacture. [T]he use or manufacture of [a patented] invention by a contractor, a subcontractor, or any person, firm, or corporation / or the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States." 28 U.S.C. $ 1498(a).

Infringing activity is "for the Government" under section 1498(a) if it is "for the benefit of the Government." *Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis*, 583 F.3d 1371, 1378 (Fed. Cir. 2009); *see also Madey v. Duke University*, 413 F. Supp. 2d, 601, 607 (M.D.N.C. 2006) ("A use is 'for the Government' if it is 'in furtherance and fulfillment of a stated Government policy' which serves the Government's interests and which is 'for the Government's benefit.'" (quoting *Riles v. Amerada Hess, Corp.*, 999 F. Supp. 938, 940 (S.D. Tex. 1998)). *In Hughes Aircraft Co. v. United States*, 534 F.2d 889 (1976), for example, the court held that a satellite program to advance the military defense and security of the United States was "for the Government."

Moreover, "authorization or consent of the Government." does not need to be expressly stated. See *TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060 (Fed. Cir. 1986) ("[a]uthorizarion or consent by the Government can be express [or] [i]n proper circumstances, Government authorization can be implied."). Indeed, "authorization or consent . . . may be given in many ways other than by . . . direct form of communication—e.g., by contracting officer instructions, [or] by specifications . . . which impliedly sanction and necessitate infringement[.]" *Hughes Aircraft Co*, 534 F.2d at 901.

Pro se plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that Pro se complaints, "however inartfully pleaded," are held to "1ess stringent standards than formal pleadings drafted by lawyers"). The United States Court of Federal Claims traditionally examines the record "to see if a Pro se plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 4I2 F.2d, 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a Pro se plaintiff's complaint, the court "does not excuse [a complaint's]

8

failures." *Henke v. United States*, 60F. 3d 795, 799 (Fed. Cir. 1995). ("The fact that [the plaintiff] acted Pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").

Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 … [T]his standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted) … this court has explained that a plaintiff … must plead "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."

Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to adjudicate a claim if the statute, regulation, or constitutional provision that is the basis for that claim "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained," *United States v. Mitchell*, 463 U.S. 206, 217 (1983), and the plaintiff is "within the class of plaintiffs entitled to recover under the statute if the elements of [the] cause of action are established," *Greenlee County, Arizona v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007). "There is no further jurisdictional requirement that plaintiff make [] additional nonfrivolous allegation[s] that [he] is entitled to relief under the relevant money-mandating source.", *Jan's Helicopter Serv., Inc. v. Federal Aviation Agency*. 525 F.3d 1299, 1307 (Fed. Cir. 2008).

## THE RELEVANT DEFENSE THREAT REDUCTION AGENCY (DTRA) INITIATIVE

- This is a BAA Call to RD-CB BAA HDTRA1-19-S-0005. The purpose of this BAA Call is to request proposals for Topic CBI-01 "Chemical and Biological Threats: TAK Plugins for Warning & Reporting and Decision Making".

- Mobile applications are revolutionizing the way we approach new technologies for the Department of Defense (DoD). Lightweight and transportable devices such as smartphones and tablets have demonstrated their potential to change the way we approach decision support capabilities that enable the Warfighter to operate under the threat of Chemical and Biological threats. Already, systems such as Nett Warrior have deployed under wartime conditions, increasing situational awareness, decreasing reaction and decision times, and augmenting operational capability.

- The Tactical Assault Kit (TAK)—a mapping system with a plugin architecture—has seen similar success across the DoD and DHS, where operators must routinely execute missions in spectrum denied environments. Four iterations of TAK are of interest: ATAK (Android Operating System (OS)), iTAK (Apple Operating System (OS)), WinTAK (Microsoft Windows Operating System (OS)), and WebTAK (web browser based).

- This topic supports the development of ATAK, iTAK, WinTAK, and WebTAK compatible versions of existing decision support tools for chemical and biological warning and reporting, hazard prediction, and consequence assessment. This topic will ultimately support the warfighters' ability to operate in and overcome a chemical or biological threat environment through the effective promulgation of situational awareness information and the use of superior tactical decision-making tools.

- A clear technical approach for developing segmented, but multi-purpose, code to allow deployment to different architectures (e.g., ATAK, iTAK, WinTAK, and WebTAK); • An approach that provides for software with Government Purpose Rights that does not require recurring license fees; and • Utilization of an Agile development framework that allows for iterative software builds and continuous end user feedback.

## UNDER RULE 56: "NO GENUINE DISPUTE AS TO ANY MATERIAL FACT"

- ✓ No genuine dispute to Plaintiff's Infringement Contentions. "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189 … It [claim chart] attempts [] to map claim limitations to infringing product features, and it does so in a relatively straightforward manner …[W]e conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart.…" ***Larry Golden v. Google LLC; Case No. 22-1267 — Vertical Stare Decisis***

- ✓ No genuine dispute to the validity of Plaintiff's patents. The Defendant the United States and at least the third-party contractors of Apple, Samsung, LG, and Qualcomm was allowed nine (9) years to challenge and invalidate Plaintiff's patents and patent claims. The DHS & DOJ, who are not "persons" authorized to petition the PTAB to invalidate Plaintiff's patents, was allowed to petition the PTAB with unqualified patent references that does not antedate Plaintiff's patents. All four elements of the doctrine of res judicata have been met in both the PTAB and the CFC. Therefore, the Defendant the United States is barred or precluded from

relitigating U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" at the PTAB and in this Court of Federal Claims. ***The doctrine of res judicata***

- ✓ No genuine dispute to Claim Construction. "In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below. Claim Term Construction "built in, embedded" (claim 74) "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" "communication device" (claim 81) "monitoring equipment" Dec. to Inst. 11–16. No party challenges these constructions. Both of these terms were modified or removed in the amendment. To the extent that any of these constructions remain relevant after the amendment, we see no reason to modify them. We further determined that no explicit construction was necessary for any other claim terms. Dec. to Inst. 10–11. Based on the record adduced during trial, we see no need to construe any other terms." ***DHS v. Golden IPR2014-00714. Final Written Decision***. Plaintiff has argued in the previous related CFC case 13-307C that Plaintiff's sensors for CBRNE sensing and detecting can be "built in", "embedded", "included within", "incorporated into", "disposed within", "affixed to", "connected to", or "mounted to another device". ***CFC Patent Local Rule 4***
- ✓ No requirement for a CBRNE sensor located inside the smartphones manufactured by Google, Apple, Samsung, LG, or Qualcomm. The various Tactical Assault Kits are the ATAK, and iTAK operating systems software; integrated with a plugin open-source architecture for CBRNE sensing and detecting. ***Consolidated Claim Chart Exhibits' C, D, E, F, & G***.
- ✓ No requirement for a CBRNE sensor located inside the laptops-tablets-PCs manufactured by Hewlett Packard and Samsung. The Tactical Assault Kit is the WinTAK operating system

 software; integrated with a plugin open-source architecture for CBRNE sensing and detecting. ***Consolidated Claim Chart Exhibits' H, & I.***

✓ No requirement for a CBRNE sensor that is "native" the smartphones manufactured by Google, Apple, Samsung, LG, or Qualcomm. The various Tactical Assault Kits are the ATAK, and iTAK operating systems software; integrated with a plugin open-source architecture for CBRNE sensing and detecting. ***Consolidated Claim Chart Exhibits' C, D, E, F, & G***.

✓ No requirement for a CBRNE sensor that is "native" the laptops-tablets-PCs manufactured by Hewlett Packard and Samsung. The Tactical Assault Kit is the WinTAK operating system software; integrated with a plugin open-source architecture for CBRNE sensing and detecting. ***Consolidated Claim Chart Exhibits' H, & I.***

✓ The CPU is not an enlargement to the smartphones manufactured by Google, Apple, Samsung, LG, and Qualcomm; and the laptops-tablets-PCs manufactured by Hewlett Packard and Samsung. The CPU is not a sensor for CBRNE sensing or detecting. The CPU is the most essential component of the smartphones manufactured by Google, Apple, Samsung, LG, and Qualcomm; and the laptops-tablets-PCs manufactured by Hewlett Packard and Samsung.  The Central Processing Unit (CPU) is the primary component of a computer that acts as its "control center." The CPU, also referred to as the "central" or "main" processor, is a complex set of electronic circuitry that runs the consumer devices' ATAK, iTAK, and WinTAK operating systems and apps. ***Court of Federal Claims Patent Local Rule 4.***

✓ Claim 1 of Plaintiff's U.S. Patent No. 9,096,189 ("the '189 patent"), claim 23 of his U.S. Patent No. 9,589,439 ("the '439 patent"), and claim 5 of his U.S. Patent No. 10,163,287 ("the '287 patent") requires the consumer device for communicating, monitoring, detecting, and

controlling (CMDC) to comprise a sensing and detecting means for CBRN&E detecting and sensing. ***Consolidated Claim Chart Exhibits' C, D, E, F, G, & B.***

✓ Claim 7 of Plaintiff's U.S. Patent No. 9,096,189 ("the '189 patent"), and claim 19 of his U.S. Patent No. 9,589,439 ("the '439 patent") requires the sensing and detecting means for CBRN&E detecting and sensing to comprise a consumer device for communicating, monitoring, detecting, and controlling (CMDC). ***Consolidated Claim Chart Exhibits' B, & C, D, E, F, G***.

✓ No genuine dispute in *Larry Golden v. Google LLC*; Case No. 22-1267, the locking mechanism limitations of Claim 1 of his U.S. Patent No. 9,096,189 ("the '189 patent"), claim 23 of his U.S. Patent No. 9,589,439 ("the '439 patent"), and claim 5 of his U.S. Patent No. 10,163,287 ("the '287 patent") has already been identified and adjudicated: "map[ped] claim limitations to infringing product features, and it does so in a relatively straightforward manner". *Golden v. Google LLC.* **Court of Federal Claims Patent Local Rule 4.**

✓ No genuine dispute the Government caused the infringement of Plaintiff's patents and Google admits the same. *Golden v. Google LLC*, NDC Case 4:22-cv-05246-HSG Document 11 Filed 10/26/22: "Mr. Golden does not allege that Google Pixel devices themselves infringe—instead he alleges that Google Pixel devices could infringe his patents if a user added another application, "ATAK," made not by Google, but by the U.S. military." … "Mr. Golden does not allege that Google makes or sells ATAK, or makes or sells devices with ATAK installed; instead, he admits that ATAK comes from the "Defense Threat Reduction Agency," an agency of the U.S. Government; is "available to warfighters throughout the DoD" or Department of Defense; and is merely "[b]uilt on the Android operating system". **Under Section 1498(a), if it is "for the benefit of the Government"**.

- ✓ No genuine dispute to Google's discovery in *Golden v. Google LLC*, NDC Case 4:22-cv-05246-HSG "that ATAK comes from the "Defense Threat Reduction Agency," an agency of the U.S. Government; is "available to warfighters throughout the DoD" or Department of Defense; and is merely "[b]uilt on the Android operating system". Which means the Government built the ATAK for presumably every smartphone manufacturer (i.e., Google, Samsung, LG, Asus-Qualcomm) that runs on the android operating system (OS); built the iTAK for presumably every Apple smartphone that runs on the apple operating system (iOS); and, built the WinTAK for presumably every laptop-tablet-PC manufacturer (i.e., Samsung, Hewlett Packard (HP)) that runs on the windows operating system (OS). ***Under Section 1498(a), if it is "made for or by" the United States***.

## RELIEF

A. Under this Rule 56, motion for summary judgment, Plaintiff is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact.

Sincerely,

s/ *Larry Golden*

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of June, 2023, a true and correct copy of the foregoing "Plaintiff's Motion for Summary Judgement", was served upon the following Defendant via email and by priority "express" mail:

Grant D. Johnson
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Grant.D.Johnson@usdoj.gov
(202) 305-2513


s/ *Larry Golden*

Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
864-288-5605