**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

LARRY GOLDEN,

               Plaintiff, *pro se*,

     v.

THE UNITED STATES,

               Defendant.

No. 23-811 C

Senior Judge Eric G. Bruggink


**MOTION OF DEFENDANT, THE UNITED STATES,
<u>TO DISMISS PLAINTIFF'S COMPLAINT</u>**


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

GARY L. HAUSKEN
Director

GRANT D. JOHNSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530

*Attorneys for the Defendant,*
*The United States*

July 14, 2023

# TABLE OF CONTENTS

I.    FACTUAL BACKGROUND ........................................................................................2

    A.    Mr. Golden's prior infringement suit against the Government (*Golden I*) .............2

    B.    Mr. Golden's nine suits against private manufacturers in district courts...............4

        1.    Mr. Golden's district court suits against Google ........................................5

    C.    Mr. Golden's present infringement suit against the Government..........................6

II.    RELEVANT LEGAL STANDARDS .......................................................................8

    A.    RCFC 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted....8

        1.    Claim Preclusion in Patent Infringement Cases..........................................8

        2.    Preclusion under the *Kessler* Doctrine ....................................................10

        3.    Pleading Standards for Pro Se Litigants ...................................................11

III.    ARGUMENT .......................................................................................................11

    A.    Mr. Golden's patent infringement allegations that he characterizes as "virtually identical" to those raised in *Golden I* are barred by claim preclusion and the *Kessler* doctrine. .........................................................................................11

        1.    Mr. Golden's allegations directed to activity preceding this Court's judgment in *Golden I* are barred by claim preclusion. .............................11

        2.    Mr. Golden's allegations directed to post-*Golden I* activity are barred by the Kessler doctrine. ................................................................13

        3.    Mr. Golden's interpretation of the Federal Circuit's opinion remanding his district court suit against Google is mistaken. .........................................14

    B.    Even if Mr. Golden's patent infringement claims had not been previously fully litigated and dismissed with prejudice in *Golden I*, his new complaint would still fail to allege any plausible theory of infringement by the Government. .............16

        1.    Mr. Golden's complaint fails to plausibly plead that the Government is responsible for infringing any of his asserted patent claims.....................16

        2.    Mr. Golden's complaint fails to plausibly plead infringement for multiple limitations of his asserted patent claims. .................................................18

    C.    Mr. Golden should be denied leave to amend his complaint because any amendment would be futile. ................................................................................19

IV.    CONCLUSION ...........................................................................................................20

## TABLE OF AUTHORITIES

**Cases**

*Acumed LLC v. Stryker Corp.*, 525 F.3d 1319 (Fed. Cir. 2008)........................................9, 10, 12

*Ammex, Inc. v. United States*, 334 F.3d 1052 (Fed. Cir. 2003) ....................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................8

*Askan v. FARO Techs., Inc.*, 2023 WL 4101351 (Fed. Cir. June 21, 2023) ........................10, 14

*Bell Corp. v. Twombly*, 550 U.S. 544 (2007) ..............................................................................8

*Bondyopadhyay v. United States*, 149 Fed. Cl. 176 (2020)........................................................11

*Brain Life, LLC v. Elektra Inc.*, 746 F.3d 1045 (Fed. Cir. 2014) ..................................9, 10, 13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)..........................................................................18

*Chisolm v. United States*, 82 Fed. Cl. 185 (2008) .......................................................................8

*Corning Glass Works v. United States*, 220 Ct. Cl. 605 (1979) ...................................................6

*Corrigan v. United States*, 82 Fed. Cl. 301 (2008) .....................................................................8

*Erickson v. Pardus*, 551 U.S. 89 (2007).....................................................................................11

*First Mortg. Co. v. United States*, 961 F.3d 1331 (Fed. Cir. 2020)..............................................8

*Foster v. Hallco Mfg. Co.*, 947 F.2d 469 (Fed. Cir. 1991)............................................9, 10, 12

*Golden v. Apple Inc.*, 2023 WL 3400595 (Fed. Cir. May 12, 2023) ...............................1, 5, 20

*Golden v. Apple*, 819 F. App'x 930 (Fed. Cir. 2020)..................................................................11

*Golden v. Apple, Inc.*, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022).............................5, 6, 14, 15

*Golden v. Google, LLC*, 2021 WL 5083804 (D.S.C. Nov. 2, 2021)..............................................5

*Golden v. Google, LLC*, 2023 WL 3007187 (D.S.C. Apr. 19, 2023). ...........................................6

*Golden v. Intel Corp.*, 2023 WL 3262948 (Fed. Cir. May 5, 2023)............................................20

*Golden v. United States*, 137 Fed. Cl. 155 (2018) .....................................................................18

*Golden v. United States*, 156 Fed. Cl. 623 (2021) .................................................................passim

*Golden v. United States*, 2021 WL 3238860 (Fed. Cl. July 29, 2021) ...................................1, 3, 7

*Golden v. United States*, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022)...................................passim

*Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020)............................................................15

*Henke v. United States*, 60 F.3d 795 (Fed. Cir. 1995) ...............................................................11

*Huang v. Huawei Techs. Co.*, 787 F. App'x 723 (Fed. Cir. 2019) ................................9, 13, 14

*In re PersonalWeb Techs. LLC*, 961 F.3d 1365 (Fed. Cir. 2020)............................................passim

*Kearns v. Gen. Motors Corp.*, 94 F.3d 1553 (Fed. Cir. 1996) .....................................................9

*Kessler v. Eldred*, 206 U.S. 285 (1907) ....................................................................................10

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367 (Fed. Cir. 2013)...........9

*Marchena v. United States*, 128 Fed. Cl. 326 (2016), *aff'd*, 702 F. App'x 988 (Fed. Cir. 2017) .19

*Northrop Grumman Sys. Corp. v. United States*, 137 Fed. Cl. 677 (2016).................................19

*Nystrom v. Trex Co.*, 580 F.3d 1281 (Fed. Cir. 2009) ...........................................................9, 12

*Palafox Street Assocs., L.P. v. United States*, 114 Fed. Cl. 773 (2014).......................................8

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979)..................................................................8

*Rice v. United States*, 2006 WL 5627228 (Fed. Cl. Mar. 7, 2006).............................................6

*Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344 (Fed. Cir. 2014)........................................9, 12

*SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160 (Fed. Cir. 2018)..........................................10, 13

*United States v. Tohono O'odham Nation*, 563 U.S. 307 (2011) ...............................................17

**Statutes**

28 U.S.C. § 1498..........................................................................................................................7

**Rules**

RCFC 12(b)(6) ................................................................................................................ passim

**Treatises**

5B Wright & Miller, *Federal Practice & Procedure* (3d ed. 2008) ............................................. 8

For over a decade, Plaintiff Larry Golden has fruitlessly pursued allegations of patent infringement against Defendant the United States (the Government) in this Court.  Mr. Golden first filed suit against the Government in May 2013 in *Golden v. United States*, No. 13-307 ("*Golden I*"), alleging that a Department of Homeland Security initiative titled "Cell-All" infringed one of his patents.  *See Golden v. United States*, 2021 WL 3238860, at *1 (Fed. Cl. July 29, 2021).

In the eight years that followed the initial filing of *Golden I*, Mr. Golden subsequently amended his complaint six times in that case, with each amended complaint asserting different patent claims and accusing different products of infringement.  *Id.* at *1–2.  As this Court observed, each time the Government or the Court pointed out a deficiency in Mr. Golden's infringement theories, "Mr. Golden did as he has done for many years now, simply brought in another party and device."  *Golden v. United States*, 156 Fed. Cl. 623, 629 (2021).  Ultimately, the Court dismissed the sixth amended complaint in *Golden I* with prejudice:

> Plaintiff has had eight years to come up with a plausible theory of infringement against the United States and the third parties whose products he alleges were made at the behest of the government. Mr. Golden has amended his complaint six times in response to the government's objections to the shortcomings in his pleadings.  As we warned earlier, failure to produce a sufficiently detailed claim chart would cause the court to assume that it cannot be done.  That has happened.  Enough time and resources have been expended by the court and the Department of Justice dealing with these allegations.

*Id.* at 632, *aff'd*, 2022 WL 4103287, at *2 (Fed. Cir. Sept. 8, 2022) ("Despite having eight years to develop his case and two chances to provide infringement contentions . . . Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents . . . .").

Mr. Golden's present suit is yet "another attempt by Mr. Golden to circumvent prior dismissals," *see Golden v. Apple Inc.*, 2023 WL 3400595, at *2 (Fed. Cir. May 12, 2023)

- 1 -

(addressing an attempt by Mr. Golden to relitigate his already-dismissed patent infringement claims against Apple in the Northern District of California).  Indeed, Mr. Golden's Complaint expressly states that he seeks to resurrect *Golden I*, alleging that this new suit "respond[s] to" and "cure[s] the deficiencies identified in *Golden v. US* CFC Case No. 13-307C."  Dkt. 1 at 5.  And while the new complaint is ostensibly directed to a new Government initiative and various new accused products (Google Pixel smartphones), *see generally id.*, Mr. Golden has repeatedly confirmed that his infringement theories are "virtually identical" to those rejected by the Court in *Golden I*, *see, e.g.*, *id.* at 5 (¶ 17).

Mr. Golden's latest attempt to relitigate the same infringement theories that have been repeatedly rejected by the Court in *Golden I* is barred by the doctrine of preclusion.  And even if the Court had not previously dismissed with prejudice what are essentially the same infringement allegations, Mr. Golden's present suit would still fail to plead any coherent theory of how the Government allegedly infringes all the elements of any of his asserted patent claims.  The Court should once again dismiss with prejudice and without leave to amend Mr. Golden's already-litigated infringement allegations under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC).

## I.  FACTUAL BACKGROUND

### A.  Mr. Golden's prior infringement suit against the Government (*Golden I*)

Mr. Golden first began alleging that the Government infringed his patents in May 2013.  *Golden v. United States*, Case No. 13-307, Dkt. 1 (Fed. Cl. May 1, 2013).  Mr. Golden ultimately submitted his sixth and final amended complaint to the Court in *Golden I* in late 2020, after repeatedly amending his complaint in that case to assert different claims from his patents and to accuse various third-party products and Government initiatives of allegedly infringing those claims.  *See* Ex. 1 (Plaintiff's Sixth Amended Complaint in *Golden v. United States*, Case No.

13-307, Dkt. 195 (Fed. Cl. Nov. 3, 2020)).  Mr. Golden's sixth amended complaint in *Golden I*
alleged that the Government was the entity responsible for the "research and development,
manufacture, and commercialization" of each "improved cell phone, smartphone, smartwatch,
laptop, or tablet" sold by third-party technology companies such as Apple, Samsung, and LG, *id.*
at 3 & 6, and that such commercial smartphone devices infringed claim 1 of U.S. Patent No.
9,096,189 ("the '189 patent"), claim 23 of U.S. Patent No. 9,589,439 ("the '439 patent"), and
claim 5 of U.S. Patent No. 10,163,287 ("the '287 patent"), among other claims, *see id.* at 5 & 8.
While that sixth amended complaint in *Golden I* did not specifically accuse Google smartphone
models of infringing the asserted patent claims, Mr. Golden describes his infringement theories
in *Golden I* as "virtually identical" to those he now asserts against Google products, *see, e.g.*,
Dkt. 1 at 5 (¶ 17), as discussed in detail *infra*.

　　　Mr. Golden was subsequently ordered by the Court in *Golden I* to serve infringement
contentions.  After receiving Mr. Golden's initial set of infringement contentions, the
Government moved to strike those contentions for failing to set forth a plausible case of
infringement for any asserted claim and any accused product.  The Court granted the
Government's motion to strike, finding that Mr. Golden's contentions failed to identify where
multiple elements of each asserted claim were allegedly found in any accused device.  *See
Golden v. United States*, 2021 WL 3238860 at *4–6.  Then, the Court gave Mr. Golden one final
chance to prepare compliant infringement contentions, but warned that if he failed to do so, "the
[C]ourt will assume that it cannot be done and that the complaint should be dismissed."  *Id.* at
*7.

　　　Mr. Golden subsequently submitted "Corrected Preliminary Infringement Contentions,"
in which he alleged that products including the Apple iPhone 12, Samsung Galaxy S21, and LG

V60 smartphones—which had not originally been accused in *Golden I*—infringed claim 1 of the '189 patent, claim 23 of the '439 patent, and claim 5 of the '287 patent (among other claims). *See* Ex. 2 (Plaintiff's "Corrected Preliminary Infringement Contentions" in *Golden v. United States*, Case No. 13-307, Dkt. 245 (Fed. Cl. Sept. 14, 2021)).  The Government moved to strike these "corrected" contentions, and the Court granted that motion as well, this time dismissing *Golden I* with prejudice.  *Golden v. United States*, 156 Fed. Cl. at 632.  The Court explained that rather than identify where the missing claim limitations were found in any accused device, Mr. Golden instead "did as he has done for many years now, simply brought in another party and device." *Id.* at 629.  The Court further noted "the overarching mystery present in all plaintiff's pleadings—how the government is on the hook for the private parties' products." *Id.* Ultimately, the Court concluded that Mr. Golden could not plausibly support his infringement claims against the Government.  *Id.* at 632, *aff'd*, 2022 WL 4103287, at *2 ("Despite having eight years to develop his case and two chances to provide infringement contentions . . . Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents . . . .").

## B.   Mr. Golden's nine suits against private manufacturers in district courts

After the filing of *Golden I* in 2013, but before the filing of his present case against the Government, Mr. Golden filed nine separate suits against third-party electronics manufacturers in the District of South Carolina and the Northern District of California.[1]  While three of the

---

[1] The four cases in the District of South Carolina are:  (1) *Golden v. Apple Inc.*, Case No. 6:19-2557-DCC-KFM; (2) *Golden v. Apple Inc.*, Case No. 6:20-cv-02270-JD; (3) *Golden v. Apple Inc.*, Case No. 6:20-cv-04353-JD; and (4) *Golden v. Google, LLC*, Case No. 6:21-cv-00244-JD.  The five cases in the Northern District of California are: (1) *Golden v. Qualcomm, Inc.*, Case No. 4:22-cv-03283-HSG; (2) *Golden v. Intel Corp.*, Case No. 5:22-cv-03828-NC; (3) *Golden v. Apple Inc.*, Case No. 3:22-cv-04152-VC; (4) *Golden v. Google LLC*, Case No. 4:22-cv-05246-HSG; and (5) *Golden v. Samsung Elecs. Am., Inc.*, Case No. 3:23-cv-00048-WHO).

Northern District of California cases are still pending or on appeal, to date none of these nine

district court cases has advanced past the pleading stage before being dismissed.  *See, e.g.*,

*Golden v. Apple*, 2023 WL 3400595, at *2 (affirming the district court's dismissal of Mr.

Golden's complaint as frivolous and finding that Mr. Golden's "allegations lack an arguable

basis in law or fact and are nothing more than another attempt by Mr. Golden to circumvent prior

dismissals in other jurisdictions").

1.   <u>Mr. Golden's district court suits against Google</u>

Two of Mr. Golden's nine district court suits named Google as a defendant.  The first of

those suits was filed in the District of South Carolina in January 2021.  *See* Ex. 3 (Complaint,

*Golden v. Google LLC*, Case No. 6:21-cv-00244-JD, Dkt. 1 (D.S.C. Jan. 26, 2021)).  The District

of South Carolina dismissed that suit with prejudice and without the issuance of service of

process on grounds of frivolousness.  *Golden v. Google, LLC*, 2021 WL 5083804, at *1–2

(D.S.C. Nov. 2, 2021).  The South Carolina court noted that "it appears that this action represents

Golden's attempt to re-litigate claims against Apple and/or Qualcomm," holding that "in light of

the vague conclusory allegations in the complaint in this action and Golden's attempt to

circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to

summary dismissal as frivolous." *Id.*

The Federal Circuit, however, vacated the District of South Carolina's dismissal of Mr.

Golden's suit against Google and remanded the case for further proceedings.  *Golden v. Apple,

Inc.*, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022).  The appellate court noted that Mr. Golden's

complaint against Google did not use the "exact same language" as his prior suits against other

defendants (such as Apple), and that the complaint was thus "not facially frivolous." *Id.* at *2.

Accordingly, the Federal Circuit directed the district court to "allow the complaint to be filed and

request service of process." *Id.*  However, the Federal Circuit emphasized that it "express[ed] no

opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous," and that the appellate court's decision to remand "does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment." *Id.*

Before the District of South Carolina could act on the remanded case, however, Mr. Golden filed a separate lawsuit against Google in the Northern District of California, again alleging that the same Google products accused in the South Carolina case infringed the same patent claims that he had asserted in South Carolina against those products. *See* Ex. 4 (Complaint, *Golden v. Google LLC*, Case No. Case No. 4:22-cv-05246-HSG, Dkt. 1 (N.D. Cal. Sept. 14, 2022)). Accordingly, the District of South Carolina again dismissed Mr. Golden's suit, this time on the ground that it was duplicative. *Golden v. Google, LLC*, 2023 WL 3007187 (D.S.C. Apr. 19, 2023). Mr. Golden's case against Google in the Northern District of California is currently pending a decision by that California court on Google's motion to dismiss.

**C.     Mr. Golden's present infringement suit against the Government**

In the present suit, Mr. Golden accuses Google Pixel smartphones of infringing claim 5 of the '287 patent, claim 23 of the '439 patent, and claim 1 of the '189 patent. *See* Dkt. 1 at 13–19. Mr. Golden states that his complaint and claim chart in the present case are "practically identical" to the complaints and claim charts filed in his district court suits against Google. *Id.* at 5 (¶ 15).[2]

---

[2] In the event that the Court does not wish to immediately dismiss this case, the Government anticipates moving to stay the current litigation pending the Northern District of California's resolution of the earlier-filed and duplicative lawsuit filed by Mr. Golden against Google. *See Corning Glass Works v. United States*, 220 Ct. Cl. 605, 607 (1979) (staying patent infringement litigation against the United States pending the outcome of the plaintiff's patent infringement action against the supplier of the accused products in district court, where both actions "involve the same patents and . . . the same issues of validity and infringement"); *see also Rice v. United States*, 2006 WL 5627228, at *1 (Fed. Cl. Mar. 7, 2006). As discussed below, however, Mr. Golden's complaint does not plead any plausible theory of how the Government is

Mr. Golden previously claimed in *Golden I* that the accused Apple, Samsung, and LG smartphones were developed as part of a Department of Homeland Security initiative known as "Cell-All," *see Golden v. United States*, 2021 WL 3238860 at *3 n.3 ("It is apparent that Mr. Golden is alleging that the government caused the manufacture of the accused devices by third party electronics manufacturers, such as LG, Apple, and Samsung, or caused these devices to use his technology because of the DHS' Cell-All project").  In contrast, Mr. Golden alleges in the present suit that the Defense Threat Reduction Agency ("DTRA") was responsible for "funding of research that led to the development of the accused devices" by "Google, Apple, Samsung, LG, Qualcomm," and other third-party tech companies, *see, e.g.*, Dkt. 1 at 9 (¶¶ 32–34).

Mr. Golden states that the features of the Google smartphones that he now accuses of infringement are "virtually identical" to those in the products he accused of infringement in his *Golden I* suit against the Government, such as the Apple iPhone 12, the Samsung Galaxy S21, and the LG V60.  *Id.* at 5 (¶ 17); *see also id.* at 21–28, 29 (charts comparing the Google smartphones to Apple, Samsung, and LG smartphones).[3]  He alleges that the present suit "respond[s]" to and "has cured the deficiencies identified in *Golden v. US* CFC Case No. 13-307C"—his original *Golden I* suit against the Government alleging infringement by those same Apple, Samsung, and LG smartphones.  *Id.* at 5 (¶18).

---

allegedly liable for patent infringement under 28 U.S.C. § 1498, and there is no resolution of the Northern District of California case that could cure this fundamental defect in the complaint.

[3] In his subsequently filed motion for summary judgment, Mr. Golden again makes this argument, repeatedly stating that the Google smartphones accused of infringement have "'virtually identical elements' and features" as the Apple, Samsung, and LG smartphones that he accused of infringement in his first infringement suit against the Government.  *See* Dkt. 9 at 2–3.

II.     **RELEVANT LEGAL STANDARDS**

A.     **RCFC 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted**

To survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint can be dismissed on an RCFC 12(b)(6) motion "'when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy.'"  *Corrigan v. United States*, 82 Fed. Cl. 301, 304 (2008) (quoting 5B Wright & Miller, *Federal Practice & Procedure* § 1357 at 708 (3d ed. 2008)).  Such affirmative defenses that can be raised by a RCFC 12(b)(6) motion to dismiss include "'various types of estoppel'" and "'the barring effect of res judicata and related preclusional principles.'"  *Corrigan*, 82 Fed. Cl. at 304 (quoting 5B Wright & Miller, *Federal Practice & Procedure* § 1357 at 722, 728 (3d ed. 2008)); *see also Palafox Street Assocs., L.P. v. United States*, 114 Fed. Cl. 773, 780 (2014) (citing *Chisolm v. United States*, 82 Fed. Cl. 185, 193 (2008)).

1.     Claim Preclusion in Patent Infringement Cases

In the Court of Federal Claims, "claim preclusion applies where:  '(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first.'"  *First Mortg. Co. v. United States*, 961 F.3d 1331, 1338 (Fed. Cir. 2020) (quoting *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)).  In other words, "[u]nder the doctrine of claim preclusion, 'a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.'"  *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1374 (Fed. Cir. 2020) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)).

"Claim preclusion bars both those claims that were brought as well as those that could have been brought in the earlier lawsuit." *Id.* (citing *Brain Life, LLC v. Elektra Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014)).  A "dismissal with prejudice . . . operate[s] as an adjudication on the merits for claim preclusion purposes." *Id.* at 1379 (citing *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1372–73 (Fed. Cir. 2013)).

"[U]nder well-settled principles of claim preclusion, different arguments or assertions in support of liability do not all constitute separate claims." *Id.* at 1375 (citing *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 478 (Fed. Cir. 1991)).  "Regardless of the number of substantive theories available to a party and regardless of the differences in the evidence needed to support each of those theories, a party may not split a single claim into separate grounds of recovery and raise those separate grounds in successive lawsuits." *Id.*

Whether two causes of action for patent infringement are the "same" for purposes of claim preclusion "is an issue peculiar to patent law," and this question is therefore analyzed "under Federal Circuit law." *Id.* (citing *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008)).  "Claim preclusion will generally apply when a patentee seeks to assert the same patent against the same party and the same subject matter." *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014) (citing *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1557 (Fed. Cir. 1996)).  "Subject matter is the same for claim preclusion purposes if the earlier accused devices and the devices accused in the current action are 'essentially the same.'" *Huang v. Huawei Techs. Co.*, 787 F. App'x 723, 726 (Fed. Cir. 2019) (quoting *Foster*, 947 F.2d at 479–80)).  The Federal Circuit has explained that accused devices are "essentially the same" for purposes of claim preclusion if they are "materially identical . . . with respect to the pertinent claim limitations at issue," *Nystrom v. Trex Co.*, 580 F.3d 1281, 1286 (Fed. Cir. 2009), and any

"differences between them are merely 'colorable' or 'unrelated to the limitations in the claim of the patent,'" *Acumed*, 525 F.3d at 1324 (quoting *Foster*, 947 F.2d at 480).

To be sure, "traditional notions of claim preclusion do not apply when a patentee accuses new acts of infringement, *i.e.*, post-final judgment, in a second suit—even where the products are the same in both suits." *Brain Life*, 746 F.3d at 1056.  However, "[t]he *Kessler* Doctrine fills [that] gap . . . allowing an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post final judgment in a patent action." *Id.* (emphasis in original) (citing *Kessler v. Eldred*, 206 U.S. 285 (1907)).

2.     Preclusion under the *Kessler* Doctrine

The *Kessler* doctrine bars assertion of claims "against essentially the same products made or sold after the judgment of noninfringement in the earlier case, *i.e.*, products that claim preclusion could not reach because of their *timing*." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1170 (Fed. Cir. 2018) (emphasis in original) (citing *Brain Life*, 746 F.3d at 1054, 1058–59).

For the *Kessler* doctrine to bar a patentee's infringement claims, there is no requirement that "the issue of noninfringement or invalidity be 'actually litigated'" in the prior suit, *In re PersonalWeb*, 961 F.3d at 1373—rather, a prior dismissal with prejudice (whether voluntary or involuntary) "operat[es] as an adjudication of non-liability for infringement for purposes of invoking the *Kessler* doctrine," *id.* at 1379.  *See also Askan v. FARO Techs., Inc.*, 2023 WL 4101351 at *3–4 (Fed. Cir. June 21, 2023) ("dismissal with prejudice was an adjudication on the merits for claim preclusion purposes, and the fact that it was involuntary is irrelevant to its preclusive effect").

3.     Pleading Standards for Pro Se Litigants

Pleadings made by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, while this Court may excuse ambiguities in a *pro se* plaintiff's complaint, the Court "does not excuse [its] failures," *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995), and "there is no duty on the part of the trial court to create a claim which plaintiff has not spelled out in his or her pleading," *Bondyopadhyay v. United States*, 149 Fed. Cl. 176, 186 (2020) (citations omitted); *see also Golden v. Apple*, 819 F. App'x 930, 931 (Fed. Cir. 2020) ("Although Golden appeals pro se and is therefore entitled to a certain leeway in interpreting his complaint, we agree with the magistrate judge's conclusion that 'the plaintiff's vague and conclusory allegations fail to state a claim for relief.'").

## III.    ARGUMENT

### A.     Mr. Golden's patent infringement allegations that he characterizes as "virtually identical" to those raised in *Golden I* are barred by claim preclusion and the *Kessler* doctrine.

By his own admission, Mr. Golden's present case against the Government merely seeks to re-litigate the same infringement theories that were dismissed with prejudice by this Court in *Golden I*. Accordingly, Mr. Golden's claims are barred by claim preclusion and the *Kessler* doctrine, and the Court should dismiss Plaintiff's complaint under RCFC 12(b)(6) for its failure "to state a claim upon which relief can be granted."

1.     Mr. Golden's allegations directed to activity preceding this Court's judgment in *Golden I* are barred by claim preclusion.

Each of the elements of claim preclusion is met here. The parties in the present case— Mr. Golden and the Government—are identical to the parties in *Golden I*. And this Court's dismissal of *Golden I* with prejudice, 156 Fed. Cl. at 632, *aff'd*, 2022 WL 4103287, at *2, was a

final dismissal on the merits for purposes of claim preclusion, *see In re PersonalWeb*, 961 F.3d at 1379.

Further, the subject matter of this case is the same as that litigated in *Golden I.  See Senju Pharm.*, 746 F.3d at 1349 ("Claim preclusion will generally apply when a patentee seeks to assert the same patent against the same party and the same subject matter.").  Mr. Golden is asserting the same patent claims (claim 5 of the '287 patent, claim 23 of the '439 patent, and claim 1 of the '189 patent), *see* Dkt. 1 at 13–19, that were asserted in *Golden I, see* Ex. 1 at 5.  And Mr. Golden's own filings repeatedly acknowledge that—with respect to the limitations of his asserted patent claims—the elements in the Google smartphones that he now accuses of infringement are "virtually identical" to those in the Apple, Samsung, and LG smartphones that he accused of infringement in *Golden I.  See, e.g.*, Dkt. 1 at 5 (¶ 17) ("The results are the same, they all have virtually identical elements in their alleged infringing products); *see also id.* at 21–31 (mapping the currently accused Google smartphones to the Apple, Samsung, and LG smartphones accused in *Golden I*).  Accordingly, for purposes of claim preclusion, the Google smartphones accused of infringement here are "essentially the same" as the smartphones accused in *Golden I.  See Acumed*, 525 F.3d at 1324 (finding claim preclusion where "differences between [accused devices] are merely 'colorable' or 'unrelated to the limitations in the claim of the patent'") (quoting *Foster*, 947 F.2d at 480); *see also Nystrom*, 580 F.3d at 1286 (accused devices are "essentially the same" for purposes of claim preclusion if they are "materially identical . . . with respect to the pertinent claim limitations at issue").  Indeed, Mr. Golden states that this suit is intended to "cure[]" and "respond[] to" "the deficiencies identified in" *Golden I.* Dkt. 1 at 5 (¶ 18).

The facts of the present suit closely resemble the facts of *Huang v. Huawei Technologies*, where the Federal Circuit affirmed a finding that a patentee's infringement claims in a second suit were barred by claim preclusion.  787 F. App'x at 723.  In *Huang*, the patentee's initial patent infringement suit against a defendant was dismissed after a finding of non-infringement. *Id.* at 724.  That patentee filed a second infringement suit against that same defendant, alleging infringement of the same patents asserted in his first case by "dozens of new accused products and product families."  *Id.*  But the Federal Circuit held that the infringement claims against these new products were barred by claim preclusion, as "[a]ny alleged difference between the accused products in each case" was "unrelated to the limitations in the claim of the patents," and the accused products in each case were thus "essentially the same . . . for purposes of claim preclusion."  *Id.* at 726.

Mr. Golden's claims against any allegedly infringing activity that occurred **before** this Court's judgment in *Golden I* are thus barred by claim preclusion.

> 2.    Mr. Golden's allegations directed to post-*Golden I* activity are barred by the Kessler doctrine.

To the extent that Mr. Golden argues that his infringement allegations are directed to activity that occurred *after* the issuance of the Court's judgment in *Golden I*, any such claims would be precluded pursuant to the *Kessler* doctrine, which "preclude[s] assertion of a patent against even post-judgment activity if the earlier judgment held that 'essentially the same' accused activity did not infringe that patent."  *SimpleAir*, 884 F.3d at 1170 (quoting *Brain Life*, 746 F.3d at 1057–58).  Here, as discussed *supra*, Mr. Golden is asserting the same patent claims as *Golden I* against "virtually identical" activity as that accused in *Golden I*, *see* Dkt. 1 at 5 (¶ 17) ("The results are the same, they all have virtually identical elements in their alleged infringing products."), 21–31.  And the dismissal of *Golden I* with prejudice "operat[es] as an

adjudication of non-liability for infringement for purposes of invoking the *Kessler* doctrine."  *In re PersonalWeb*, 961 F.3d at 1379; *see also Askan*, 2023 WL 4101351 at \*3–4.

Mr. Golden's claims against any alleged infringing activity that occurred ***after*** this Court's judgment in *Golden I* are thus barred by the *Kessler* doctrine.  *See Huang*, 787 F. App'x at 726 n.1 ("As for post-judgment activity, the district court findings that the Case 1 and Case 2 chips are essentially the same and its finding of non-infringement in Case 1, suffice to preclude the claims at issue.").

### 3.   Mr. Golden's interpretation of the Federal Circuit's opinion remanding his district court suit against Google is mistaken.

Given this Court's previous rulings in *Golden I*, Mr. Golden's claims in the present suit are entirely barred by claim preclusion and the *Kessler* doctrine, as discussed *supra*.  However, Mr. Golden offers that the Federal Circuit—despite its affirmance of this Court's judgment in *Golden I*, *see* 2022 WL 4103287, at \*2—overruled this Court's opinion in *Golden I* by remanding a different suit filed by Mr. Golden in district court against Google.  But Mr. Golden's understanding of that Federal Circuit opinion in the Google case—which appears to be the fundamental rationale for his filing this present suit against the Government—is mistaken.

As discussed above, the Federal Circuit remanded that district court suit against Google after noting that Mr. Golden's complaint against Google did not use the "exact same language" as his prior suits against other defendants (such as Apple) and, therefore, the Google complaint was "not facially frivolous."  *Golden v. Apple, Inc.*, 2022 WL 4103285 at \*2.  Mr. Golden characterizes that Federal Circuit opinion as "[t]he Federal Circuit disagree[ing]" with this Court's finding that Mr. Golden had failed to put forth any plausible infringement theory in *Golden I*, Dkt. 1 at 5 (¶ 18).  He argues that Federal Circuit opinion "binds this Court to follow the legal precedent set by the Federal Circuit" and find that all products accused by Mr. Golden

in *Golden I* and this case infringe his patents.  *Id.* at 5 (¶ 16).  *See also* Dkt. 9 at 3 (claiming—incorrectly—that Mr. Golden's infringement allegations against "the Google product, and the products of Apple, Samsung, LG, and, Qualcomm . . . has already been review [sic] and adjudicated at the United States Court of Appeals for the Federal Circuit.").

Mr. Golden's characterization of that Federal Circuit opinion, however, relies on Mr. Golden's omission of key language from the opinion.[4]  Mr. Golden's excerpts from that opinion (*see* Dkt. 1 at 4; Dkt. 9 at 3–4) pointedly omit the Federal Circuit's statement that—while the appellate court was permitting the complaint to be filed and served on Google—"[o]ur decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment," 2022 WL 4103285 at *2.  And Mr. Golden's mistaken interpretation of that Federal Circuit opinion (as a judgment on the merits of infringement, *see* Dkt. 9 at 3) further ignores the Federal Circuit's statement that "[w]e express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous," 2022 WL 4103285 at *2.

This Court's holding in *Golden I* was affirmed by the Federal Circuit, not overruled as Mr. Golden portrays.  Mr. Golden's claims in the present Complaint are thus entirely precluded.

---

[4] This is not the first time that Mr. Golden has omitted key language from a Federal Circuit opinion in seeking to relitigate a precluded claim before this Court.  In *Golden v. United States*, Case No. 23-185, Mr. Golden's complaint repeatedly suggested that in a past case, the Federal Circuit had overturned this Court's holding and invited Mr. Golden to file a Fifth Amendment takings claim against the Government based on the cancellation of his patent claims in an *inter partes* review.  But Mr. Golden's argument in that case relied on omitting key language from the Federal Circuit's opinion.  *See Golden v. United States*, 955 F.3d 981, 989–90 (Fed. Cir. 2020) ("The claims at issue were therefore cancelled as result of Golden's own voluntary actions.  In these circumstances, cancellation of the claims in the government-initiated inter partes review cannot be chargeable to the government under any legal theory.").

While this Court ultimately dismissed Mr. Golden's complaint in Case No. 23-185 for lack of jurisdiction because his claim was barred by the Court's six-year statute of limitations, the Court separately noted that the suit was "plainly barred by *res judicata*."  *Golden v. United States*, Case No. 23-185, Dkt. 11 at 2 (slip op.) (Fed. Cl. May 30, 2023).

**B.      Even if Mr. Golden's patent infringement claims had not been previously fully litigated and dismissed with prejudice in *Golden I*, his new complaint would still fail to allege any plausible theory of infringement by the Government.**

Even assuming *arguendo* that *Golden I* had never been previously litigated and that Golden's allegations were thus not now barred by claim preclusion and the *Kessler* doctrine, his complaint in the present case would still fail to state a claim upon which relief can be granted, and the complaint should still therefore be dismissed under RCFC 12(b)(6).  Mr. Golden's complaint both:  (1) fails to plausibly explain how the Government is allegedly responsible for infringing any of his asserted patent claims; and (2) as in *Golden I*, fails to plausibly plead infringement for multiple limitations of each asserted patent claim.

1.      Mr. Golden's complaint fails to plausibly plead that the Government is responsible for infringing any of his asserted patent claims.

In its opinion dismissing *Golden I*, the Court noted "the overarching mystery present in all of plaintiff's pleadings—how the government is on the hook for the private parties' products."  156 Fed. Cl. at 629 (observing that each time the Government or the Court pointed out a deficiency in his infringement allegations, "Mr. Golden did as he has done for many years now, simply brought in another party and device").  That mystery is present in Mr. Golden's new complaint as well.

Although Mr. Golden has now ostensibly redirected his patent claims that were previously asserted in *Golden I* to a new Government agency (the DTRA), and new third-party devices (Google smartphones), his complaint nowhere articulates a coherent, plausible theory for how the Government is allegedly responsible for the use or manufacture of alleged inventions disclosed in the asserted patent claims.  And while Mr. Golden alleges that "DTRA Government funding of research that led to the development and testing of the accused devices," Dkt. 1 at 9 (¶ 34), his complaint does not provide any evidence that Google's accused commercial smartphone

models (the oldest of which, the Google Pixel 3, was launched in 2018), *see id.* at 13, were developed as part of the accused DTRA initiative (announced in 2019), *id.* at 7 (¶ 23).[5]

Further, while the complaint alleges that the accused DTRA initiative led to the development of a software application (ATAK), *see id.* at 9–11 (¶¶ 36–49), the complaint does not allege that this application alone infringes any of the asserted patent claims—indeed, the complaint repeatedly alleges that the accused Google smartphone models would infringe the asserted claims even without the ATAK application, *see id.* at 29–31 (discussing "alternative[s] to ATAK"). Instead, Mr. Golden's allegations are directed to and rely on a haphazard collection of third-party devices and software, including:

- "Google Nest x Yale Lock" and the "Nest app" to purportedly meet the locking/unlocking limitations of Mr. Golden's asserted patent claims, Dkt. 1 at 15, 26, 27;

- A "wearable smartwatch" or "device mounted on a drone" to purportedly meet the sensor limitations of Mr. Golden's asserted patent claims, *id.* at 16;

- Hypothetical sensors and software described in third-party papers and articles, *id.* at 30–32; and

- The "Loihi Neuromorphic Chip," *id.* at 34.

---

[5] Indeed, if Google's accused commercial smartphone models *had* been developed and manufactured pursuant to a Government contract and with the Government's authorization and consent (they were not), the Court would lack jurisdiction over this suit pursuant to 28 U.S.C. § 1500, because the accused products in this suit are identical to those in Plaintiff's pending suit against Google LLC in the Northern District of California (Case No. 4:22-cv-5246-HSG), as Plaintiff concedes (Dkt. 1 at 5 (¶ 15)). *See United States v. Tohono O'odham Nation*, 563 U.S. 307, 318 (2011) (holding that a "substantial overlap in operative facts" between a district court suit and a Court of Federal Claims suit "precludes jurisdiction" at the Court of Federal Claims). However, Plaintiff has represented that he is not alleging in that Northern District of California case that the Government is responsible for Google's manufacture or use of the accused smartphones. *See* Ex. 5 (L. Golden June 13, 2023 E-mail to G. Johnson) at 2 ("I never claim [sic] Google was acting directly or indirectly under the authority of the United States"). Accordingly, the Government's understanding is that Plaintiff's suit in the Northern District of California is directed to non-Government manufacture and use of the accused Google smartphones.

Because Mr. Golden's complaint fails to plead any plausible theory for how the Government allegedly infringes the asserted patent claims by use of the various private-party devices and software accused in the complaint, the complaint fails to state a claim upon which relief can be granted and must be dismissed under RCFC 12(b)(6).

          2.     <u>Mr. Golden's complaint fails to plausibly plead infringement for multiple limitations of his asserted patent claims.</u>

In its opinion dismissing *Golden I*, the Court also agreed with the Government that Mr. Golden had failed to allege that several elements of each of his asserted patent claims were met by any of the accused products:  Mr. Golden had "fail[ed] to specifically identify the hazardous material sensors in any of the accused products" or to "identify in any of the accused devices how the unlocking function is performed in response to the detection of a hazard."  156 Fed. Cl. at 627–28.

Mr. Golden's latest complaint is similarly deficient.  The complaint does not plead (much less establish) that sensors for detecting hazardous materials (or unlocking functionality performed in response to detection of such materials) are found in any the accused commercial smartphone models sold by Google—rather, he states that such functionality is performed by third-party devices.  *See, e.g.*, Dkt. 1 at 16 (alleging that the "sensor" limitations of the asserted claims could be met by a "wearable smartwatch" or "device mounted on a drone").  And Mr. Golden's recent motion for summary judgment (prematurely filed before the Government had even responded to Mr. Golden's complaint)[6] further reinforces that Mr. Golden cannot plausibly

---

      [6] The Government is concurrently moving to stay briefing on Mr. Golden's recently-filed motion for summary judgment, which (1) will be rendered moot if the Court grants the present motion to dismiss and (2) is clearly premature, as this Court has explained to Mr. Golden following similar filings in *Golden I.  See, e.g., Golden v. United States*, 137 Fed. Cl. 155, 187 (2018) (denying Mr. Golden's "Motion for Leave to File a Motion for Summary Judgment" as premature) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

argue that any of the accused Google smartphones meets these elements of his asserted patent claims.  In his motion, Mr. Golden argues that there is "[n]o requirement for a . . . sensor located inside the smartphones manufactured by Google, Apple, Samsung, LG, or Qualcomm."  Dkt. 9 at 12–13.  Mr. Golden thereby tacitly admits that—as previously demonstrated by his deficient infringement theories in *Golden I*—he cannot show that this element of his asserted patent claims is met by any allegedly infringing device.

In short, Mr. Golden's latest complaint is a further illustration of the Court's observation in its opinion dismissing *Golden I*:  that Mr. Golden is unable to set forth any plausible theory of infringement against the Government.  156 Fed. Cl. at 632, *aff'd*, 2022 WL 4103287, at *2.  The complaint fails to state a claim upon which relief can be granted, and it must be dismissed under RCFC 12(b)(6).

### C.  Mr. Golden should be denied leave to amend his complaint because any amendment would be futile.

If Mr. Golden attempts to amend the allegations in his complaint yet again, the Government respectfully submits that the Court should deny him leave to amend, as any amendment would be futile.  *See Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016), *aff'd*, 702 F. App'x 988 (Fed. Cir. 2017).  "An amendment is futile when the proponent of the amendment cannot provide a colorable argument that the original or the amended claim will not survive a dispositive motion."  *Northrop Grumman Sys. Corp. v. United States*, 137 Fed. Cl. 677, 682 (2016).

In *Golden I*, this Court correctly held that Mr. Golden was unable to set forth "a plausible theory of infringement against the United States and the third parties whose products he alleges were made at the behest of the government."  156 Fed. Cl. at 632.  Since that opinion, other courts have similarly recognized that Mr. Golden cannot plausibly plead infringement of any of

his asserted patent claims, and they have similarly denied Mr. Golden leave to amend on grounds

of futility.  *See, e.g.*, *Golden v. Intel Corp.*, 2023 WL 3262948 (Fed. Cir. May 5, 2023) ("Mr.

Golden has not explained in his briefing why it would not be futile for him to amend his

complaint"); *Golden v. Apple*, 2023 WL 3400595, at *2 ("These allegations lack an arguable

basis in law or fact and are nothing more than another attempt by Mr. Golden to circumvent prior

dismissals in other jurisdictions.  After ten years of asserting these claims in multiple

jurisdictions, Mr. Golden has yet to cure the deficiencies in his allegations.").

## IV.    CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court dismiss

Plaintiff's Complaint pursuant to RCFC 12(b)(6), with prejudice, and that the Court further order

that leave to amend the Complaint will be denied.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

GARY L. HAUSKEN
Director


/s/ Grant D. Johnson
GRANT D. JOHNSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
*Grant.D.Johnson@usdoj.gov*
(202) 305-2513

*Attorneys for the Defendant,*
July 14, 2023                                           *The United States*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing "MOTION OF DEFENDANT, THE

UNITED STATES, TO DISMISS PLAINTIFF'S COMPLAINT" was sent on July 14, 2023, via

e-mail and U.S. Mail, to:

Larry Golden
740 Woodruff Road #1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*

/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice