# Exhibit 5

| | |
|---|---|
| **From:** | atpg-tech@charter.net |
| **To:** | Johnson, Grant D. (CIV); "atpg-tech@charter.net" |
| **Subject:** | [EXTERNAL] RE: Golden v. United States, Fed. Cl. 23-811 |
| **Date:** | Tuesday, June 13, 2023 4:42:02 PM |

Mr. Johnson:

Under the doctrine of *res judicata*, or claim preclusion, all four (4) elements of the doctrine must be meet before dismissing a case.

As the Supreme Court explained more than 50 years ago in *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955), *res judicata* does not bar a suit, even if it involves the same course of wrongful conduct as alleged earlier, so long as the suit alleges new facts or a worsening of the earlier conditions.

"*Res judicata*" is a phrase covering two forms of preclusion. *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 n.1 (6th Cir. 1987). Typically, it means claim preclusion: A final judgment on the merits precludes parties from relitigating a claim that was or could have been raised in that action.

The phrase is also used to describe issue preclusion (also known as collateral estoppel), which bars relitigating of a particular issue that has already been decided in an action between the parties.

Plaintiff's complaint contains "sufficient factual matter, that when accepted as true, state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's claim has "facial plausibility" because Plaintiff pled "enough factual content that would allow the Court to draw the reasonable inference that the Defendant [The DoD Defense Threat Reduction Agency (DTRA)], **NOT GOOGLE** is liable for the misconduct alleged."

Thus, "[t]he question at the pleading stage is not whether there is a plausible alternative to Plaintiff's infringement theory; the question is whether there are sufficient factual allegations to make the complaint's claim plausible."

Even after *Twombly* and *Iqbal*, "in determining whether a complaint states a claim that is plausible, the court is required to proceed 'on the assumption that all the [factual] allegations in the complaint are true', even if their truth seems doubtful." *Id*. at 185 (quoting *Twombly*, 550 U.S. at 556).

You successfully directed the proceedings in the previous case 13-307C away from determining whether the DHS "authorized and consented" to the "manufacture for, or by the Government" certain devices that allegedly infringes my patents; to a case between myself and "private parties", and insisted I identify sensors "native" to the manufacture of the private parties' products. Judge Bruggink knew, or should have known that the CFC does not have jurisdiction to adjudicate issues between private parties.

It was not a case between myself and the third-parties because the prime third-party contractor Qualcomm was not included. Qualcomm was the only company responsible for providing the four major components of the cell-all sensing device: 1- the handset or mobile device; 2- the CBR sensors that can be placed in, on, upon, or adjacent the mobile device; 3- the chipset that include the central processing unit; and, 4- the wireless cellular modem. The first three of the major components allegedly infringes my patents.

Therefore, I will strongly oppose this current case to be transferred to Judge Bruggink. The DoD DTRA [ATAK, iTAK, and WinTAK] solicitation that calls for CBRNE plug-ins was released in May, 2019. The CBRNE plug-ins—sensors only became available in 2020.

The "*whenever*" in 28 U.S.C. § 1498(a) refers to "any time or every time" that something happens: "*whenever* an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture … For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States."

Therefore, as long as I have patents issued with the presumption of validity that has not expired, I have the constitutional right to bring an action against the Government "any time and every time" the Government allegedly infringes my patents.

I don't really know why you brought up 28 U.S.C. § 1500 other than to harass me. My understanding of the statute is as follows: "The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States."

First, as you stated, "pending case against *Google LLC* in the Northern District of California (*Golden v. Google LLC*, Case No. 4:22-cv-5246 (N.D. Cal.))" is not a pending case against the Government. Second, I never claim Google was acting directly or indirectly under the authority of the United States.

Therefore again, I will oppose the transfer of this Case to Judge Bruggink. Another thing, I am contemplating filing complaints against you at the OIG, OPR, and the ABA to have you disbarred for the retaliation, willful blindness, and violation of procedural due process claims I alleged you commented in the previous case. If you insist on remaining the Defense Attorney in this case, I will seek to have you disbarred.

Larry

------------------------------------------

From: "Johnson, Grant D. (CIV)"
To: "atpg-tech@charter.net"
Cc:
Sent: Monday June 12 2023 12:26:38PM
Subject: Golden v. United States, Fed. Cl. 23-811

Mr. Golden,

We write regarding your newly-filed complaint in the Court of Federal Claims (Case No. 23-811).

Rule 40.2(a)(2) of the Court of Federal Claims states that "cases are directly related when: (A) they involve the same parties and are based on the same or similar claims; or (B) they involve the same contract, property, or patent."  Your new complaint (at pp. 13–19) alleges that the Government infringes claim 5 of your '287 patent, claim 23 of your '439 patent, and claim 1 of your '189 patent.  These allegations assert identical patent claims as in your previously filed Case No. 13-307—indeed, your latest complaint alleges (at ¶ 18) that you have "cured the deficiencies identified in *Golden v. US* CFC Case No. 13-307C."  However, the Cover Sheet attached to your latest complaint incorrectly states that this new case is not directly related to any previously filed case, and omits the Notice of Directly Related Case required by RCFC 40.2(a)(1).

Accordingly, to promote the efficient administration of justice, we plan to file a Notice of Directly Related Case identifying Case No. 13-307, and to move that Case No. 23-811 be transferred to Senior Judge Bruggink, who presided over Case No. 13-307.  **Can you please let us know if you will oppose the motion for transfer to Judge Bruggink**?

Further, we also note that your complaint in Case No. 23-811 asserts identical patent infringement allegations as those made in your pending case against Google LLC in the Northern District of California (*Golden v. Google LLC*, Case No. 4:22-cv-5246 (N.D. Cal.)).  Pursuant to 28 U.S.C. § 1500, the Court of Federal Claims cannot have jurisdiction over these identical allegations while that district court suit is still pending.  And in any event, your allegations that the Government infringes these patent claims were already fully litigated and dismissed with prejudice in Case No. 13-307, and are thus barred by *res judicata*.

Finally, we note that you still presently owe to the United States the $448.32 in costs taxed by the United States Court of Appeals for the Federal Circuit in *Golden v. United States*, No. 22-1196 (Fed. Cir.).  Please promptly submit that payment, pursuant to the instructions in my December 6, 2022 letter.

Very truly yours,

**Grant D. Johnson, Trial Attorney**

Intellectual Property Section | Commercial Litigation Branch

Civil Division | U.S. Department of Justice

T: (202) 305-2513 | F: (202) 307-0345