## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LARRY GOLDEN,<br><br>       Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>       Defendant. | No. 23-811 C<br><br>Senior Judge Eric G. Bruggink |

### DEFENDANT THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

     Defendant the United States (the Government) moved to stay briefing on Plaintiff Larry Golden's premature motion for summary judgment, noting that any further briefing will be unnecessary if the Court grants the Government's pending motion to dismiss. *See* Dkt. 11. Mr. Golden's opposition to that request (Dkt. 14) is almost entirely non-responsive to the arguments and facts supporting the Government's requested stay. Mr. Golden does not address this Court's precedent of "'routinely stay[ing] consideration of a motion for summary judgment when a motion to dismiss the case is pending . . . .'" Dkt. 11 at 2 (quoting *Mohn v. United States*, 2021 WL 4130757, at *1 (Fed. Cl. Sept. 10, 2021)). Nor does Mr. Golden explain why he filed a motion for summary judgment before the Government had even responded to his complaint, despite this Court repeatedly denying similar motions as premature in his previous lawsuits against the Government.[1] Dkt. 11 at 2 (citing *Golden v. United States*, 129 Fed. Cl. 630, 634 (2016); 137 Fed. Cl. 155, 187 (2018)). By failing to address the Government's arguments, Mr. Golden therefore essentially

---

[1] As the Government separately noted in its motion to stay briefing, denial of Mr. Golden's motion for summary judgment in the present lawsuit as premature would similarly be appropriate here. Dkt. 11 at 2.

- 1 -

concedes that a stay is appropriate. *See Phila. Auth. for Indus. Dev. v. United States*, 114 Fed. Cl. 519, 527–28 (2014) ("[W]hen a plaintiff fails to respond to an argument, the plaintiff 'has effectively conceded the issue[.]'") (quoting *Cardiosom, LLC v. United States*, 91 Fed. Cl. 659, 664 (2010)).

Mr. Golden's only mention of the requested stay comes in the conclusion of his brief, where he asserts that "[a] 'stay' is simply a waste of time." Dkt. 14 at 15. This statement appears to be based on Mr. Golden's erroneous belief (repeated from his other briefs, *see* Dkt. 13 at 17–19) that the Federal Circuit has already held that Google smartphones infringe his asserted patent claims. *See* Dkt. 14 at 4–7. But as the Government has already explained, *see* Dkt. 10 at 14–15, Mr. Golden's interpretation of that Federal Circuit opinion is incorrect. The Federal Circuit did not render any determination on infringement, but merely instructed the district court to "allow the complaint to be filed and request service of process." *Golden v. Apple*, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022) ("express[ing] no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous" and noting that the appellate court was not "preclud[ing] subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment").

Accordingly, Mr. Golden's response provides no reason why summary judgment briefing should not be stayed pending the Government's motion to dismiss. Indeed, his response only further illustrates that the present suit should be dismissed. Rather than present any justification for his opposition to the Government's requested stay, Mr. Golden improperly raises new allegations against a new third party ("Neya Systems") involving a new patent (No. 11,645,898) that was not even referenced in his complaint. *See* Dkt. 14 at 12–15; *see also id.* at 7 (suggesting that Mr. Golden intends to accuse "nearly 1,300 brands that have produced over 24,000 distinct

Android devices" of infringement). Just as this Court previously observed in Mr. Golden's original suit against the Government, "Mr. Golden did as he has done for many years now, simply brought in another party and device." *Golden v. United States*, 156 Fed. Cl. 623, 629 (2021).

## CONCLUSION

The Government respectfully requests that the Government's motion to stay briefing on Mr. Golden's motion for summary judgment be granted.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General

          SCOTT D. BOLDEN
          Acting Director

          /s/ Grant D. Johnson
          GRANT D. JOHNSON
          Trial Attorney
          Commercial Litigation Branch
          Civil Division
          Department of Justice
          Washington, DC  20530
          *Grant.D.Johnson@usdoj.gov*
          (202) 305-2513

          *Attorneys for the Defendant,*
July 31, 2023           *The United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT" was sent on July 31, 2023, via e-mail and U.S. Mail, to:

Larry Golden
740 Woodruff Road #1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*


/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice