IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LARRY GOLDEN,<br><br>            Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>            Defendant. | No. 23-811 C<br><br>Senior Judge Eric G. Bruggink |

**DEFENDANT THE UNITED STATES' OPPOSITION TO
PLAINTIFF'S MOTION FOR DISQUALIFICATION [DKT. 12]**

Plaintiff Larry Golden's motion for disqualification (Dkt. 12) fails to allege any facts that would serve as a valid basis for the Court's recusal or disqualification. Instead, Mr. Golden repeatedly expresses dissatisfaction with the Court's rulings dismissing his previous lawsuits against Defendant the United States (the Government). But as a matter of law, these previous rulings cannot alone provide a reasonable, objective basis for questioning the Court's impartiality. And the arguments in Mr. Golden's motion only further illustrate that his present suit is an attempt to re-litigate the same infringement theories that were rejected in his original Case No. 13-307 against the Government ("*Golden I*"), and that the Government's motion to dismiss his claims as barred by the doctrine of preclusion should be granted.

Mr. Golden's motion for disqualification should be denied, and the present case should be dismissed.

**I.    The allegations in Mr. Golden's present motion further illustrate that Mr. Golden is attempting to re-litigate the same infringement theories that were previously rejected in *Golden I* and are now barred by the doctrine of preclusion.**

The arguments in Mr. Golden's motion only further illustrate that his claims are barred by the doctrine of preclusion and should be dismissed. As explained in the Government's motion to

dismiss (Dkt. 10), the infringement theories in Mr. Golden's present complaint are—as he describes them—"virtually identical" to those he raised against the Department of Homeland Security's "Cell-All" initiative and Apple, Samsung, and LG smartphones in *Golden I*. *See* Dkt. 10 at 6–7, 12 (quoting Dkt. 1 at 5, 21–31). Accordingly, Mr. Golden's claims are barred by claim preclusion and the *Kessler* doctrine, and his complaint must be dismissed. *See id.* at 11–14.

Mr. Golden's present motion reinforces that he seeks to re-litigate the same claims that were rejected in *Golden I*. The motion is almost entirely devoted to disputing the holdings of the Court and the Federal Circuit in *Golden I*. *See, e.g.*, Dkt. 12 at 3, 7, 17 (arguing that the *Golden I* infringement contentions were not deficient). And while Mr. Golden's present complaint is ostensibly directed to Google smartphones not at issue in *Golden I*, he again characterizes those devices as substantially the same as those accused in *Golden I*. *See id.* at 2 (grouping the Google Pixel 5 smartphone with the Samsung, LG and Apple smartphone models accused of infringement in *Golden I*); *see also* Dkt. 12-2 at 4–12 (arguing that the "Google Pixel 5 'mirrors' Apple's iPhone 12" with respect to the asserted patent claims). Further, Mr. Golden now alleges that Google was associated with the same "Cell-All" initiative that was the basis for Mr. Golden's infringement allegations in *Golden I*. *See* Dkt. 12 at 11–13 (alleging that Google "indirectly benefit[ed] from" the Cell-All initiative).

Mr. Golden's claims have already been litigated and rejected. This case should be dismissed.

II.     **Mr. Golden's motion for disqualification merely expresses dissatisfaction with the Court's rulings in his previous lawsuits and fails to allege any valid basis for the Court's disqualification or recusal.**

"A judge is presumed to be impartial," and a party moving for disqualification "bears a 'heavy burden' of proving otherwise." *Hickman v. United States*, 122 Fed. Cl. 645, 648 (2015) (quoting *Baldwin Hardware Corp. v. FrankSu Enter. Corp.*, 78 F.3d 550, 557 (Fed. Cir. 1996));

*see also Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985) ("Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned.").

"Disqualification of a United States judge is governed by 28 U.S.C. § 455." *Hornback v. United States*, 49 Fed. Cl. 6, 7 (2001). That statute provides, in part, that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1). The Federal Circuit has explained that these provisions set forth an objective test, under which "'the trial judge is required to recuse himself only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Baldwin*, 78 F.3d at 557 (quoting *United States v. Winston*, 613 F.2d 221, 223 (9th Cir. 1980)); *see also Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556, 1568 (Fed. Cir. 1989) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858–59 n.7 (1988)). Under this objective test, the movant's "subjective beliefs about the judge's impartiality are irrelevant." *Allphin v. United States*, 758 F.3d 1336, 1344 (Fed. Cir. 2014).

Mr. Golden's motion fails to allege any facts that would call into question the Court's impartiality to an objective observer, much less meet Mr. Golden's "heavy burden" to establish grounds for the Court's recusal or disqualification. Instead, Mr. Golden repeatedly expresses his frustration with the Court's rulings dismissing his three previous lawsuits against the Government, and he suggests that the Court should disqualify itself because of those past decisions. *See generally* Dkt. 12. But "[t]he Supreme Court has made clear that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion' and such rulings 'can only in the rarest circumstances evidence the degree of favoritism or antagonism required.'" *Banks v. United States*,

2016 WL 692187, at *4 (Fed. Cl. Feb. 19, 2016) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also Baldwin*, 78 F.3d at 557; *Hickman*, 122 Fed. Cl. at 649; *Allen v. United States*, 2014 WL 3505585, at *2 (Fed. Cl. July 15, 2014); *Hornback*, 49 Fed. Cl. at 8 (explaining that "[t]he appropriate procedure for challenging a judge's application of the law [to the facts] is through appeal," not a motion for disqualification).

This Court ultimately dismissed *Golden I*, but not before allowing Mr. Golden to amend his complaint six times and serve two separate sets of infringement contentions setting forth different infringement theories over an eight-year period. *Golden v. United States*, 156 Fed. Cl. 623, 625–26, 632 (2021). That dismissal was promptly affirmed by the Federal Circuit. 2022 WL 4103287, at *2 (Fed. Cir. Sept. 8, 2022) ("Despite having eight years to develop his case and two chances to provide infringement contentions . . . Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents . . . ."). Similarly, none of Mr. Golden's other eleven suits against the Government or third-party electronics manufacturers have advanced past the pleading stage before being dismissed. *See, e.g.*, *Golden v. Apple Inc.*, 2023 WL 3400595, at *2 (Fed. Cir. May 12, 2023) (affirming the district court's dismissal of Mr. Golden's complaint as frivolous and finding that Mr. Golden's "allegations lack an arguable basis in law or fact and are nothing more than another attempt by Mr. Golden to circumvent prior dismissals in other jurisdictions"). Accordingly, the mere fact that the Court ultimately dismissed each of Mr. Golden's three previous lawsuits does not provide any valid basis for recusal or disqualification under 28 U.S.C. § 455. Mr. Golden's motion should be denied.

## CONCLUSION

The Government respectfully requests that Mr. Golden's motion for disqualification be denied, and that the Government's motion to dismiss (Dkt. 10) be granted.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SCOTT D. BOLDEN
Acting Director


/s/ Grant D. Johnson
GRANT D. JOHNSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
*Grant.D.Johnson@usdoj.gov*
(202) 305-2513

*Attorneys for the Defendant,
The United States*

July 31, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION" was sent on July 31, 2023, via e-mail and U.S. Mail, to:

> Larry Golden
> 740 Woodruff Road #1102
> Greenville, SC 29607
> atpg-tech@charter.net
>
> Plaintiff, *pro se*

/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice