**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

LARRY GOLDEN,

        Plaintiff,

    v.

THE UNITED STATES,

        Defendant.

No. 23-811 C

Senior Judge Eric G. Bruggink

**DEFENDANT THE UNITED STATES'
REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS [DKT. 10] AND
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE [DKT. 13]**

Plaintiff Larry Golden's "motion to strike" (Dkt. 13) the Government's motion to dismiss (Dkt. 10) pursuant to Rule 12(f) of the Rules of the Court of Federal Claims (RCFC) is procedurally improper and substantively without merit. And the arguments in Mr. Golden's motion only further confirm that this case merely seeks to re-litigate the same infringement allegations that were previously rejected in his original Case No. 13-307 ("*Golden I*") against the Government, allegations that are now barred by claim preclusion and the *Kessler* doctrine.

The Government's motion should be granted, and this case should be dismissed.

**I.      Mr. Golden's "motion to strike" the Government's motion to dismiss is procedurally improper and substantively baseless.**

Mr. Golden's present motion purports to be a motion to strike pursuant to RCFC 12(f). *See* Dkt. 13 at 1, 23. But a motion to strike pursuant to RCFC 12(f) "'must be directed to a 'pleading,' which term has been construed narrowly by the courts.'" *Waltner v. United States*, 98 Fed. Cl. 737, 766 (2011) (quoting *Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681, 690 (2006)); *see also* RCFC 7(a) (listing the types of pleadings that are allowed in this Court). "'[I]n particular,

a motion to strike may not be used to strike another motion.'"[1]  *Waltner*, 98 Fed. Cl. at 766 (quoting *Fisherman's Harvest*, 74 Fed. Cl. at 690)); *see also Baqleh v. United States*, 2023 WL 2809885, at *5 n.3 (Fed. Cl. Apr. 6, 2023) ("the Government's motion to dismiss briefing . . . is not a pleading under the Court's Rules and not the proper target of an RCFC 12(f) motion"); *Am. Vanguard Corp. v. United States*, 2017 WL 2774363, at *1 (Fed. Cl. June 27, 2017) (explaining that RCFC 12(f) "does not seem to apply to motions [to dismiss]"); *Kalos v. United States*, 2016 WL 1073275, at *2 n.3 (Fed. Cl. Mar. 17, 2016) (explaining that "[p]ursuant to RCFC 12(f), a motion to strike must be directed at a pleading," and that a motion to dismiss "is not a 'pleading'").  Accordingly, in past cases, this Court has treated a plaintiff's "motion to strike" a motion to dismiss as a response to that motion to dismiss.  *See Kalos*, 2016 WL 1073275, at *2 n.3 ("the court will consider the Plaintiffs' . . . Motion to Strike as a Response to the Government's Motion to Dismiss"); *see also Simons v. United States*, 75 Fed. Cl. 506, 508 (2007) ("the Court treated Plaintiffs' Motion to Strike as a Response to the Government's Motion to Dismiss").

In addition to this fundamental procedural defect, Mr. Golden's motion also offers no substantive justification for striking any portion of the Government's filings.  Mr. Golden argues that the Government's motion to dismiss should be struck because it allegedly presents "an insufficient defense."  Dkt. 13 at 12, 23.  But this argument is factually and legally incorrect, as discussed below, and provides no justification for striking any portion of the Government's

---

[1] While Mr. Golden argues that "[m]otions to dismiss are defense pleadings" and may be struck pursuant to RCFC 12(f), Dkt. 13 at 23, none of the authorities that he cites stand for the proposition that a motion to dismiss is a "pleading" subject to RCFC 12(f).  *Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, for example, involved affirmative defenses "added to the end of [the defendant's] ***answer***."  191 F.R.D. 568, 569 (N.D. Ill. 1999) (emphasis added); *see also id.* (distinguishing between "a responsive pleading" and "a separate motion").

motion.  *See Waltner*, 98 Fed. Cl. at 767 ("[T]his court is not influenced by labels.  Plaintiffs'

motion to strike 'insufficient' defenses from defendant's motion to dismiss is denied.").

On the contrary, the Government respectfully submits that it is Mr. Golden's motion that

contains impertinent and scandalous accusations, and that all such allegations should be struck

based on the Court's inherent power to strike items from its docket.  *See Hardy v. United States*,

2021 WL 1940658, at *2 (Fed. Cl. May 14, 2021) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32,

43 (1991) (describing the "control necessarily vested in courts to manage their own affairs so as

to achieve the orderly and expeditious disposition of cases")).  Mr. Golden repeatedly and

baselessly accuses various Government counsel of "intimidation, threats, and lies told to the

tribunal" in *Golden I*.  *See* Dkt. 13 at 2–5, 11 ("History of the Government's Intimidation and

Threats").  Mr. Golden also further baselessly accuses the undersigned counsel for the Government

of "blatantly obvious, unconcealed, and deliberate lies."  *Id.* at 12.  Such unfounded accusations

have been found to "degrade[ ] the dignity and decorum of the court" and hamper the orderly

administration of its business.  *Arunachalam v. Int'l Business Machines Corp.*, 989 F.3d 988, 999–

1000 (Fed. Cir. 2021) (noting that the briefing was "replete with scandalous and baseless

allegations . . . all presented without a semblance of factual support" that "extend to this court, the

Judiciary, and indeed the Government as a whole.").

## II.   Mr. Golden's response to the Government's motion to dismiss further confirms that the infringement allegations in his complaint are essentially the same as those already litigated in *Golden I* and should be dismissed.

As explained in the Government's motion to dismiss, "Mr. Golden's present case against

the Government merely seeks to re-litigate the same infringement theories that were dismissed

with prejudice by this Court in *Golden I*."  Dkt. 10 at 11.  Mr. Golden's response only further

confirms that the allegations in his complaint are precluded and should be dismissed.

Indeed, a significant portion of Mr. Golden's response is dedicated to arguing that the Court's and the Federal Circuit's conclusions in *Golden I* were incorrect.  *See* Dkt. 13 at 2–4 (arguments regarding various rulings in *Golden I*), 5–11 (a chart that allegedly "demonstrates the number of times, and types of errors the Judge made" in *Golden I*).  Further, Mr. Golden's brief again confirms that his infringement allegations in the present case are essentially the same as those in *Golden I*, repeatedly characterizing the Google smartphone models ostensibly accused in this case as essentially the same as the Apple, Samsung, and LG smartphone models that were accused of infringement in *Golden I*.  *See id.* at 5 (grouping the "Google Pixel 5" with the "LG V60," "Samsung Galaxy S21," and "Apple iPhone 12" that were accused of infringement in *Golden I* and arguing that Mr. Golden's infringement allegations do not depend on "any particular brand, model, or type of equipment"), 16.

Additionally, Mr. Golden's response confirms that his present suit is based on a fundamental misunderstanding of the Federal Circuit's opinion in a separate infringement lawsuit that Mr. Golden filed against Google, as previously explained in the Government's motion to dismiss, *see* Dkt. 10 at 14–15.  Mr. Golden now argues that when the Federal Circuit described his complaint in that district court case as containing "a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone," *see Golden v. Apple*, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022), the appellate court was issuing a judgment of infringement on the merits, *see* Dkt. 13 at 19 (arguing that this language in the Federal Circuit's opinion "indicates a determination has been made on direct infringement").  The only issue that the Federal Circuit left to be resolved in that case, Mr. Golden claims, was "whether the direct infringement is literal direct infringement or direct infringement under the doctrine of equivalents."  *Id.*

Mr. Golden's interpretation of that Federal Circuit opinion, however, is plainly incorrect, as the Government previously explained.  *See* Dkt. 10 at 14–15.  No "determination ha[d] been made on direct infringement" in that case.  Rather, the Federal Circuit merely instructed the district court to "allow the complaint to be filed and request service of process."  *Golden v. Apple*, 2022 WL 4103285, at *2.  Further, the Federal Circuit's opinion specifically stated that it was "express[ing] no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous," including as to whether the complaint had "successfully or not" mapped accused product features to the asserted claim limitations, and that the appellate court's decision to permit the complaint to be filed and served did not "preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment."[2]  *Id.*

Mr. Golden's claims are entirely precluded, as his response only further confirms.  This case should be dismissed.

## **CONCLUSION**

The Government respectfully requests that the Government's motion to dismiss (Dkt. 10) be granted.

---

[2] Indeed, as noted in the Government's motion to dismiss, *see* Dkt. 10 at 6, Google immediately moved to dismiss Golden's complaint in the district court suit that he subsequently filed in the Northern District of California (*Golden v. Google LLC*, Case No. 4:22-cv-05246-HSG).  A decision on that motion to dismiss is still pending.  Dkt. 10 at 6.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SCOTT D. BOLDEN
Acting Director


/s/ Grant D. Johnson
GRANT D. JOHNSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
*Grant.D.Johnson@usdoj.gov*
(202) 305-2513

*Attorneys for the Defendant,*
*The United States*

July 31, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED STATES'
REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE" was sent on July 31, 2023, via e-mail and U.S. Mail, to:

Larry Golden
740 Woodruff Road #1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*


<u>/s/ Grant D. Johnson</u>
Grant D. Johnson
Department of Justice