# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LARRY GOLDEN,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 23-811 C<br><br>Senior Judge Eric G. Bruggink |

## DEFENDANT THE UNITED STATES' REPLY IN SUPPORT OF THE GOVERNMENT'S MOTION TO DISMISS [DKT. 10]

This is the fourth suit that Plaintiff Larry Golden has filed against Defendant the United States (the Government) in this Court. All four suits stem from Mr. Golden's allegations that the Government has utilized technology described in his various patents.[1]

The Court has dismissed each of Mr. Golden's three previous suits. The Government moved for the Court to dismiss this case as well. Dkt. 10. The Government noted that Mr. Golden's present suit appears to have been filed due to Mr. Golden's fundamental misunderstanding of a Federal Circuit opinion issued in one of his district court suits, which Mr. Golden mistakenly interpreted as a ruling on the merits of his infringement allegations. *Id.* at 14–15 (citing *Golden v. Apple, Inc.*, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022)). As a result, the Government explained, Mr. Golden now seeks to relitigate previously dismissed infringement

---

[1] As noted in the Government's Motion to Dismiss, Mr. Golden has also filed nine district court suits against various electronics manufacturers, all based on his allegations that those firms also used the technology described in his patents. *See* Dkt. 10 at 4–5. In all nine of those suits, Mr. Golden's complaint was dismissed by the respective district court without the case advancing beyond the pleading stage. *See id.*; *see also, e.g.*, Ex. 1 (Order Granting Motion to Dismiss with Leave to Amend, *Golden v. Google LLC*, No. 22-cv-05246-HSG, Dkt. 11 (N.D. Cal. Aug. 10, 2023)).

- 1 -

claims that (1) are now barred by claim preclusion and the *Kessler* doctrine, *id.* at 11–14, and (2) fail to plausibly allege any theory of infringement by the Government, *id.* at 16–19.

Mr. Golden's response (Dkt. 20) confirms that the analysis in the Government's motion was correct, and that his present case should be dismissed by the Court as well. Mr. Golden again argues that "a determination has [already] been made on direct infringement" by the Federal Circuit. Dkt. 20 at 6. But as the Northern District of California correctly noted in its recently-issued August 10 opinion dismissing Mr. Golden's complaint in *Golden v. Google*—a complaint that Mr. Golden describes as "practically identical" to his complaint in the present case, Dkt. 1 at 5 (¶ 15)—Mr. Golden's interpretation of that Federal Circuit opinion is mistaken:

> [Mr. Golden] argues that Google's motion to dismiss is barred by "issue preclusion" as a result of the 2022 appeal to the Federal Circuit (and the underlying South Carolina case). In its opinion, however, the Federal Circuit specifically stated that its "decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim." Issue preclusion does not bar Google's motion to dismiss.

Ex. 1 (Order Granting Motion to Dismiss with Leave to Amend, *Golden v. Google LLC*, No. 22-cv-05246-HSG, Dkt. 11 (N.D. Cal. Aug. 10, 2023)) at 6 n.6 (citations omitted).

In other words, the basis for Mr. Golden's present suit is his belief that the Federal Circuit has already held that all commercial smartphone devices infringe his patents. *See* Dkt. 20 at 7–11 (characterizing the Federal Circuit's opinion as a holding that any "Smartphone" model infringes his patent claims); *see also id.* at 15–17 (claiming that "111 Apple smartphone models" totaling "more than 2.2 billion iPhones," "1,300 brands that have produced over 24,000 distinct Android devices," and "more than 800 million" Windows devices infringe his patents). But Mr. Golden's belief is fundamentally incorrect—the Federal Circuit specifically stated that it was "express[ing] no opinion as to the adequacy of the complaint or claim chart except that it is not ***facially*** frivolous," and was not "preclud[ing] subsequent motions to dismiss," 2022 WL 4103285 at *2

(emphasis added), as recognized by the Northern District of California days ago in dismissing Golden's "practically identical" infringement suit against Google, *see* Ex. 1 at 6 n.6.

As a result of this misunderstanding, Mr. Golden's latest complaint seeks to relitigate the same infringement allegations against commercial smartphone devices that were dismissed with prejudice in *Golden I* (No. 13-307), and which are now barred by claim preclusion and the *Kessler* doctrine. *See* Dkt. 10 at 1–2 (citing *Golden v. United States*, 156 Fed. Cl. 623, 632 (2021), *aff'd*, 2022 WL 4103287, at *2 (Fed. Cir. Sept. 8, 2022)), 11–14. Mr. Golden's response only further confirms that his present suit is again directed to those already-dismissed infringement allegations, characterizing the Apple, Samsung, and LG smartphone models previously accused of infringement in *Golden I* as functionally and structurally equivalent to the Google smartphone models ostensibly accused of infringement in this case. *See* Dkt. 20 at 20 (grouping the "Google Pixel 5" with the "Apple iPhone 12," "Samsung Galaxy S21," and "LG V60" that were accused of infringement in *Golden I*); *see also id.* at 15–17 (accusing all Apple, Samsung, and LG smartphone models of infringement). Mr. Golden's infringement claims are precluded and should be dismissed.

Further, in addition to confirming that Mr. Golden's infringement allegations in the present case are precluded, Mr. Golden's response also illustrates that—as in *Golden I*—he simply cannot allege any plausible theory of infringement by the Government. *See* Dkt. 10 at 16–19. In dismissing Mr. Golden's complaint against Google, the Northern District of California noted that Mr. Golden's infringement allegations were not directed to Google smartphones alone, but instead required those Google smartphones to have first downloaded and installed a particular software application ("ATAK"), a software application that Mr. Golden did not allege that Google either manufactured or sold. *See* Ex. 1 at 4, 6. And Mr. Golden's response here further confirms that he

- 3 -

is not alleging that Government use or manufacture of the accused smartphones alone—or even of those smartphones with ATAK installed—is sufficient to infringe his asserted patent claims.

Rather, Mr. Golden's complaint and response allege that smartphones with ATAK are *capable* of infringing—but that infringement only occurs when such smartphones are further modified and combined with other third-party software applications and hardware devices. *See* Dkt. 20 at 10–11 (arguing that "CBRN-sensing technologies" such as "a wearable smartwatch . . . or a device mounted on a drone to detect chemical warfare agents," and "Google Nest x Yale Lock" are required to infringe Mr. Golden's asserted patent claims); *see also id.* at 16, 17, 20 (alleging that the accused smartphones can infringe if "CBRNE plugins" from "third-party developers" are additionally installed); Dkt. 1 at 15, 16, 27, 30–32, 34 (describing various third-party software and hardware allegedly required to infringe Mr. Golden's asserted patent claims).

As this Court previously noted in *Golden I*, it is insufficient "merely to claim that a device may be modified in a way that makes it capable of operating in an infringing manner." 2021 WL 3238860, at *6 (citing *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001)); *see also* Ex. 1 at 4–5 (citing *Nazomi Comm's, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014)). And Mr. Golden's complaint and response do not explain how the Government is ostensibly responsible for the manufacture or use of the various third-party software and hardware that Mr. Golden's infringement allegations require, such as "a wearable smartwatch" or the "Google Nest x Yale Lock," let alone the accused commercial smartphones themselves. *See Golden v. United States*, 156 Fed. Cl. at 629 (noting "the overarching mystery present in all of plaintiff's pleadings—how the government is on the hook for the private parties' products.")

In sum, Mr. Golden's infringement allegations in the present case are not only barred by claim preclusion and the *Kessler* doctrine, but also fail to set forth any plausible theory for how

the Government allegedly infringes any of his asserted patent claims. This case, like Mr. Golden's previous three suits against the Government, should be dismissed.

## CONCLUSION

The Government respectfully requests that the Court grant the Government's motion and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SCOTT D. BOLDEN
Acting Director


/s/ Grant D. Johnson
GRANT D. JOHNSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
*Grant.D.Johnson@usdoj.gov*
(202) 305-2513

*Attorneys for the Defendant,
The United States*

August 21, 2023

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED STATES' REPLY IN SUPPORT OF THE GOVERNMENT'S MOTION TO DISMISS" was sent on August 21, 2023, via e-mail and U.S. Mail, to:

Larry Golden
740 Woodruff Road #1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*

/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice