Case No: 1:23-cv-00811-EGB

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Larry Golden, Pro Se Plaintiff

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

(H) 864-288-5605

(P) 864-992-7104

(E) atpg-tech@charter.net

| | |
|---|---|
| LARRY GOLDEN,<br><br>    *Plaintiff*,<br><br>V.<br><br>THE UNITED STATES,<br><br>    *Defendant*. | **Patent Infringement**<br><br><br>August 22, 2023 |

### PLAINTIFF'S NOTICE OF
### SUPPLEMENTAL AUTHORITIES

In *Golden v. Google* CAFC Case: 22-1267 Dkt: 15 Filed: 09/08/2022 **(Exhibit A)**, the Federal Circuit was satisfied that the Plaintiff has "ident[ied] exactly how the accused products meet the limitations of his claims". Which means the DTRA ATAK CBRNE Plugins satisfied the two claim limitations requiring a detection means.

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189 … to the extent that the chart includes the "exact

same language" as previously rejected charts, it is simply the language of the independent claims being mapped to … It attempts [] to map claim limitations to infringing product features, and it does so in a relatively straightforward manner."

"We conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart."

In *Golden v. Google*; NDC Case 4:22-cv-05246-HSG Dkt: 41 Filed 08/10/23 **(Exhibit B)**, the Northern District of California Court agreed with Defense that the Google can only infringe Plaintiff's patent claims with the inclusion of the DTRA ATAK CBRNE Plugins. Therefore, by default, the NDC Court confirm the determination made by the Federal Circuit in *Golden v. Google* CAFC Case: 22-1267 Dkt: 15 Filed: 09/08/2022. There's no infringement without the DTRA ATAK CBRNE Plugins.

"Plaintiff's claims, as pled, only allege that Google's devices infringe the patents in issue if the end user downloads a particular application. Plaintiff includes a claim chart purporting to describe the components of the Google Pixel 5 (which Plaintiff asserts is "representative of all the alleged infringing products of Google asserted in this complaint") that allegedly map onto the elements of an independent claim for each of the asserted patents.5 See Compl. ¶ 53. As the below excerpt of Plaintiff's chart indicates, however, at least two elements of each independent claim included in the chart are allegedly satisfied only when the phone has the Android Team Awareness Kit (ATAK) downloaded …"

"Even affording Plaintiff the benefit of the doubt, his own claim chart makes it clear that Defendant's products purportedly infringe because of the characteristics of the ATAK application. But Plaintiff's complaint alleges that ATAK is not made by Google, and he does not allege that ATAK comes pre-loaded on Google phones"

In *FastShip v. US* Case Nos. 2017-2248, 2017-2249 Filed 06/05/2018, **(Exhibit C)**, the Federal Circuit determined the invention manufactured for, or by, the United States must include each limitation of the thing invented. Therefore, while the Government is attempting to again persuade this Court that under § 1498, it is okay to exclude the DTRA ATAK [same as the Northern District of California Court], that is simply not true. The combined DTRA ATAK CBRNE Plugins and the Google smartphone is required, under § 1498 to have an invention that is suitable for use.

> "In a matter of first impression, the Federal Circuit in *FastShip, LLC v. U.S.*, "[W]e interpret "manufactured" in § 1498 [] such that a product is "manufactured" when it is made to include each limitation of the thing invented and is therefore suitable for use."

> "The court agrees with FastShip. The claims related to LCS-1 and LCS-3 were closely linked. The question presented with respect to LCS-3, the judicial interpretation of the term "manufacture," was an issue of first impression for the court, see *FastShip II*, 122 Fed. Cl. at 80, and for the Federal Circuit, see *FastShip IV*, 892 F.3d at 1303."

The Federal Circuit in *FastShip v. US* Case Nos. 2017-2248, 2017-2249; held that, with respect to the language of § 1498, "to 'use' an invention, each limitation of the claims must be present in the accused product or process."

Because "make" was synonymous with "manufacture" in 1918, see, e.g., Manufacture, Webster's Int'l Dictionary of the English Language (1st ed. 1907), and encompasses "the construction of the thing invented," and "use" requires that "each limitation of the claims must be present," *Zoltek*, 672 F.3d at 1318. the Federal Circuit concluded that "manufactured" requires that "each limitation" "of the thing invented" be present, rendering the invention suitable for use, see id. at 1319 (holding that "'used or manufactured by or for the United States []' mean[s] each limitation is present in the accused product or process").

3

The Federal Circuit's prior interpretation of "use" further supports their interpretation of "manufactured" under § 1498.

This case is not about Google per se. It is about the DoD DTRA TAK CBRNE Plugins. Plaintiff can remove Google and the ATAK from the case and replace Google and the ATAK with Samsung and the ATAK; Apple and the iTAK; or Intel and the WinTAK.

Sincerely,

s/ *Larry Golden*

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(H) 864-288-5605

Email: atpg-tech@charter.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 22nd day of August, 2023, a true and correct copy of the foregoing "Plaintiff's Notice of Supplemental Authorities", was served upon the following Defendant by priority "express" mail and via email:

Grant D. Johnson

Trial Attorney

Commercial Litigation Branch

Civil Division

Department of Justice

Washington, DC 20530

Grant.D.Johnson@usdoj.gov

(202) 305-2513

s/ *Larry Golden*

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

(H) 864-288-5605