# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LARRY GOLDEN,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>      Defendant. | No. 23-811 C<br><br>Senior Judge Eric G. Bruggink |

### DEFENDANT THE UNITED STATES' RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE [DKT. 22]

The Court previously ordered the parties to "avoid further unnecessary filings." Dkt. 18 at 1. Despite this guidance, Plaintiff Larry Golden has now filed a "request for judicial notice" after briefing on the Government's motion to dismiss was completed. Dkt. 22.[1] Mr. Golden's filing attaches the Government's reply in support of its motion to dismiss as an exhibit, Dkt. 22-1, and contains further argument opposing that motion, *see* Dkt. 22 at 5–9. In other words, Mr. Golden's "request" is more accurately described as a surreply to the motion to dismiss.[2] *See Dolphin Park TT, LLC v. United States*, 159 Fed. Cl. 658, 665–66 (2022) ("constru[ing a] plaintiff's 'notice of additional authority' as a surreply in support of its motion filed without leave of Court"). As this Court has noted in the past, "a surreply is not permitted under the rules and is generally

---

[1] The Court docketed Mr. Golden's filing as a motion, with the response due by September 13, 2023. Accordingly, the Government provides a brief response in opposition herein.

[2] Mr. Golden separately filed a "notice of supplemental authorities," also containing surreply arguments against the Government's motion to dismiss. *See* Dkt. 23.

- 1 -

disfavored," *Pulnikova v. United States*, 2023 WL 4743021, at *4 (Fed. Cl. July 25, 2023), and Mr. Golden did not seek leave to file a surreply here.[3]

Additionally, the arguments Mr. Golden presents only further illustrate that he cannot plausibly plead any coherent theory of infringement by the Government. Mr. Golden now concedes that he "never alleged Google is a third-party government contractor with authorization and consent to manufacture for the Government." Dkt. 22 at 4, 5. But Mr. Golden's infringement allegations all require a commercial smartphone device. *See id.* at 6–9 (claim charts alleging that an "Android smartphone" is required to infringe the asserted claims); *see also* Dkt. 1 at 21–32 ("Alleged Infringing Smartphones"). Accordingly, by admitting that the Government is not responsible for the manufacture of Google's commercial smartphones, Mr. Golden concedes that the infringement alleged in his complaint cannot possibly be attributed to the Government.

## **CONCLUSION**

The Government respectfully requests that its motion to dismiss (Dkt. 10) be granted.

---

[3] To the extent the Court construes Mr. Golden's request as a separate motion, Mr. Golden did not meet and confer with the Government before filing that request, as is now required by Rule 7.3 of the United States Court of Federal Claims, recently added on July 31, 2023.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General

          SCOTT BOLDEN
          Acting Director


          <u>/s/ Grant D. Johnson</u>
          GRANT D. JOHNSON
          Trial Attorney
          Commercial Litigation Branch
          Civil Division
          Department of Justice
          Washington, DC  20530
          *Grant.D.Johnson@usdoj.gov*
          (202) 305-2513

September 11, 2023        *Attorneys for the Defendant,*
          *The United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED STATES' RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE" was sent on September 11, 2023, via e-mail and U.S. Mail, to:

Larry Golden
740 Woodruff Road #1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*

/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice