# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Larry Golden, Pro Se Plaintiff

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

(P) 864-992-7104

(E) atpg-tech@charter.net

| | |
|---|---|
| LARRY GOLDEN,<br><br>*Plaintiff*,<br><br>V.<br><br>THE UNITED STATES,<br><br>*Defendant*. | Case No: 1:23-cv-00811-EGB<br><br>**Patent Infringement**<br><br>July 16, 2024 |

### PLAINTIFF'S REQUEST FOR A STATUS UPDATE
### ON MOTION FOR RECONSIDERATION

Plaintiff claims Judge Bruggink has a history of delay. Plaintiff claims the Judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the court".

This request is not an argument of any presumed merits of this current case *Golden v. The United States*, COFC Case No.1:23-cv-00811-EGB; or, any of the preceding related cases [1:2013cv00307], [1:2019cv00104], and [1:2023cv00185]; whereby, *Golden* is the Plaintiff and the *United States* is the Defendant.

| Larry Golden | 1:2013cv00307 | Golden v. USA | U.S. Court of Federal Claims | 05/01/2013 - 11/10/2021 |

In the above referenced case, Judge Bruggink dragged the case on for eight (8) years before narrowing the case to that of a dispute between Golden and the private entity Apple. In doing so the Judge adjudicated and dismissed the case because Golden failed to prove Apple's direct infringement under 35 U.S.C. 271(a) as a predicate to proving the Government's [DHS] direct infringement under 28 U.S.C. 1498(a). *Zoltek III*. Which means the Judge adjudicated the case outside the jurisdiction of the U.S. Court of Federal Claims.

| Larry Golden | 1:2019cv00104 | Golden v. USA | U.S. Court of Federal Claims | 01/17/2019 - 05/15/2019 |

In the above referenced case [19-104C], Judge Bruggink dismissed the case as being frivolous. The Judge also stated the IPR-Based Takings case had already been adjudicated and dismissed. The Federal Circuit disagreed with Judge Bruggink.

Golden's first "takings' claim was stayed in 2014 and Judge Bruggink dragged the case out five (5) years before dismissing the case because the Judge said Golden's 28 U.S.C. 1491(a) "government takings" claims is the same as Golden's 28 U.S.C. 1498(a) "government infringement" claim. The and dragged the case on for eight (8) years before narrowing the case to that of a dispute between Golden and the private entity Apple.

Judge Bruggink joined the above referenced IPR-Based Takings case [19-104C] with the lead case [13-307C] in 2019. After two years, the Judge dismissed and closed the lead case without ever adjudicating the above referenced case.

| Larry Golden | 1:2023cv00185 | Golden v. USA | U.S. Court of Federal Claims | 02/07/2023 - 05/31/2023 |

Because Judge Bruggink joined the IPR-Based Takings case [19-104C] with the lead case [13-307C] in 2019, and dismissed the lead case without ever adjudicating the IPR-Based Takings case [19-104C] case, Golden filed the above referenced case [23-185C] only to have Judge Bruggink dismissed the above referenced IPR-Based Takings claim he ignored and held on the docket for two (2) years as being filed outside the statute of limitations.

| Larry Golden | 1:2023cv00811 | Golden v. USA | U.S. Court of Federal Claims | 05/31/2023 - 04/24/2024 |

In the above referenced and current case [23-811C], Judge Bruggink dismissed the case for the exact same reasons Judge Bruggink dismissed the first lead case [13-307C]. The Judge adjudicated and dismissed the case because Golden failed to prove Google's direct infringement under 35 U.S.C. 271(a) as a predicate to proving the Government's [DoD DTRA] direct infringement under 28 U.S.C. 1498(a). *Zoltek III*. Which means the Judge adjudicated the case outside the jurisdiction of the U.S. Court of Federal Claims.

In the above referenced and current case [23-811C], on 07/19/2023, Golden filed for Judge Bruggink to disqualify himself. The Judge ignored Golden's motion for nine (9) months and on 04/24/2024 Judge Bruggink dismissed Golden's case.

Golden filed a motion for reconsideration on 04/30/2024, which is now two and a half months ago. Golden is not anticipating the Judge to do the right thing, but Golden is awaiting the Judge's decision. Golden cannot file an appeal with a pending motion on the docket, and Golden cannot file the next case before knowing if the Judge is going to re-open the current case and allow Golden the opportunity to amend.

Golden is requesting Judge Bruggink respond to the Motion.

Sincerely,

s/ *Larry Golden*

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(H) 8642885605

(M) 8649927104

Email: atpg-tech@charter.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16th day of July, 2024, a true and correct copy of the foregoing "Plaintiff's Request for a Status Update on Motion for Reconsideration", was served upon the following Defendant via e-mail:

Grant D. Johnson

Trial Attorney

Commercial Litigation Branch

Civil Division

Department of Justice

Washington, DC 20530

Grant.D.Johnson@usdoj.gov

(202) 305-2513

s/ *Larry Golden*

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-288-5605